**PEOPLE *v.* NITTI.**

Opinion of the Court.

1. Criminal Law—Bail.

     The factors to be considered in setting the amount of bail in a criminal case are (1) ability of the accused to give bail, (2) nature of the offense, (3) penalty for the offense charged, (4) character and reputation of the accused, (5) health of the accused, (6) character and strength of the evidence, (7) probability of the accused appearing at trial, (8) forfeiture of other bonds, (9) whether the accused was fugitive from justice when arrested, and (10) whether the accused is under bond for appearance at trial in other cases.

2. Same—Bail.

     Claim by defendant, convicted of safebreaking, that reversible error was committed by the trial court in setting his bail at $50,000 *held*, without merit, where defendant at the time of his arraignment was wanted in 2 other States on felony charges, was free on bond for the purpose of filing an appeal from a Federal sentence on which time for appeal had passed, and was a resident of out-of-State city, since under the circumstances, the setting of such bond was not an abuse of discretion (CL 1948, § 750.531).

3. Same—Violation of Rights.

     Claim by defendant, convicted on a plea of guilty to safebreaking, that reversible error was committed as a result of miscellaneous violations of his rights *held*, without merit, where such claims are only set forth in vague and general terms in appellant's

---

References for Points in Headnotes

[1, 2] 8 Am Jur 2d, Bail and Recognizance §§ 68–76.
[3] 5 Am Jur 2d, Appeal and Error §§ 691–693, 698.
[4, 10–12] 21 Am Jur 2d, Criminal Law §§ 487, 489.
[5] 21 Am Jur 2d, Criminal Law §§ 504, 505.
[6, 7] 21 Am Jur 2d, Criminal Law § 525.
[8] 21 Am Jur 2d, Criminal Law § 492.
[9] 21 Am Jur 2d, Criminal Law §§ 525–527.

brief and an examination of the evidence in the record fails
to substantiate such claimed miscellaneous violation of rights
(CL 1948, § 750.531).

4. SAME—PLEA OF GUILTY.
Defendant must depend upon court for understanding of com-
plaint and consequences of a plea of guilty (GCR 1963,
783.2[2]).

5. SAME—SENTENCE—MANIFEST INJUSTICE—WITHDRAWAL OF GUILTY
PLEA.
Generally, in criminal cases, the defendant's surprise as to the
severity of sentence imposed after a plea of guilty, standing
alone, is not such manifest injustice as to require vacation of
the judgment and permission to withdraw a plea of guilty
(GCR 1963, 785.3[2]).

6. SAME—CONVICTION—SENTENCE.
The sentence to be imposed upon a criminal defendant is in
consequence of his conviction which conviction follows the
acceptance of a plea of guilty by a defendant or a finding of
guilty, after trial, by a jury or the trial court.

7. SAME—SENTENCE—JUDGMENT.
Punishment imposed upon a guilty defendant is a "sentence",
the court's final adjudication being a "judgment".

8. SAME—PLEA OF GUILTY—CONVICTION.
A criminal defendant does not stand convicted upon trial court's
refusal to accept a proffered plea of guilty.

9. SAME—CONVICTION—JUDGMENT.
Conviction is a separate step in any criminal proceeding which
necessarily takes place prior to the pronouncement of judgment.

10. SAME—COURT RULES—MAXIMUM AND MINIMUM SENTENCE.
The court rule providing that the trial court, upon entry of a
guilty plea, inform the accused of the consequence of his
plea does not require that the accused be informed of the maxi-
mum sentence possible because of his plea or, in instances where
there is a statutory minimum sentence, the required minimum
sentence (GCR 1963, 785.3[2]).

11. SAME—COURT RULES—MAXIMUM AND MINIMUM SENTENCE.
Claim by defendant, sentenced to a term of from 10 to 20 years
following a plea of guilty to the crime of safebreaking, that
the trial court committed reversible error in failing to inform
him of the maximum sentence possible for such crime *held*,

without merit, where the trial court advised defendant, upon acceptance of his guilty plea, that he would be sent to prison, and defendant made no inquiry as to what the maximum term might be (CL 1948, § 750.531; GCR 1963, 785.3[2]).

DISSENTING OPINION.

NEWBLATT, J.

12. CRIMINAL LAW—PLEA OF GUILTY—COURT RULES—MAXIMUM AND MINIMUM SENTENCE.

*A fair construction of the applicable court rule relating to arraignment and sentencing, which requires that the trial court, upon entry of a guilty plea, inform the accused of the "consequence of his plea", requires that the trial court advise the accused of the maximum and minimum sentences set by statute, since any distinction between "consequence of his plea" and "consequence of his conviction" would defeat the purpose of the court rule which is to require that an accused be advised of his rights and what can happen to him if he waives those rights and pleads guilty (GCR 1963, 785.3).*

Appeal from Allegan; Smith (Raymond L.), J. Submitted Division 3 November 9, 1966, at Grand Rapids. (Docket No. 941.) Decided March 29, 1968. Leave to appeal denied December 19, 1968. See 381 Mich 794.

Vito Nitti was convicted of safebreaking. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General and *Ervin L. Andrews,* Prosecuting Attorney, for the people.

*Frederick D. McDonald,* for defendant.

McGREGOR, P. J. During the early morning hours of March 28, 1965, the appellant, along with two other men, was stopped at a Michigan State police roadblock set up to apprehend three men who were wanted in connection with an armed robbery of a gasoline station. While the auto was stopped, the

police observed, through the window of the auto, a gun and a bag of tools. Further investigation revealed a canvas bag under the front seat which was found to contain cash, deposit slips, and checks made payable to a Howard Johnson restaurant in Holland. All of these items were seized by the police. The three were arrested and detained in the Holland city jail and later transferred to the Allegan county jail. While in the Allegan county jail, the appellant signed a statement admitting his part in the burglary of a Howard Johnson restaurant. He was charged with safebreaking under CL 1948, § 750.531 (Stat Ann 1954 Rev § 28.799).

At the first arraignment, the appellant pled not guilty and demanded a jury trial. The judge informed the appellant of his right to counsel and his right to the appointment of counsel in case of indigency. Bond was set at $50,000, which the appellant protested was too high.

At a supplemental arraignment, called because the appellant informed the prosecutor he wished to change his plea, the appellant pled guilty. Appellant was directly questioned on the voluntariness of statements in the signed confession and the appellant answered, "They are voluntary." The court had the appellant repeat his story of the burglary of the restaurant, including such details as how entry was gained and the tools used. The appellant was also asked about his arrest, confinement, and his treatment by the police officers. The appellant requested that any sentence imposed in Michigan might run concurrently with a Federal sentence of 15 years. He explained that he was out on appeal bond for the Federal sentence and the time for appeal had elapsed. Appellant also dropped his claim for a reduction of the $50,000 bond.

The judge accepted the guilty plea and stated, "You realize and the court realizes that you are going to be sentenced to prison." After a presentencing investigation, the appellant was brought to court and was sentenced for 10 to 20 years, with no recommendation. The appellant protested at the severity of the sentence and the judge's reference to him as a professional criminal. The appellant was informed of his right to appeal and was given forms for petition for appointment of appellant's counsel in case of indigency.

This appeal now claims several errors were committed, thus requiring a new trial. The errors claimed are that the bond was set excessively high, that "miscellaneous" rights of the appellant were violated, and that the trial judge's questioning did not conform to GCR 1963, 785.3.

The various factors to be considered in setting the amount of bail have been set out in 8 Am Jur 2d, Bail and Recognizance, § 71, pages 824, 825, as follows:

"It has been stated that the factors to be taken into consideration in determining the amount of bail are: (1) ability of the accused to give bail, (2) nature of the offense, (3) penalty for the offense charged, (4) character and reputation of the accused, (5) health of the accused, (6) character and strength of the evidence, (7) probability of the accused appearing at trial, (8) forfeiture of other bonds, and (9) whether the accused was a fugitive from justice when arrested. That the accused is under bond for appearance at trial in other cases should also be considered." (Footnotes deleted.)

The appellant was wanted in two other States on felony charges. He was, at the time, free on bond for the purpose of filing an appeal from a Federal sentence, but the time for filing the appeal had passed. The appellant had admitted his residence

was in Chicago, Illinois. In view of the aforementioned principles for setting bond and the facts of this case, the bond set was not an abuse of the discretion of the trial judge.

As to the miscellaneous claims of violations of rights, the appellant's brief does no more than mention them in vague and general terms. This Court can find no evidence in the record of the claimed "miscellaneous" violations of rights.

The applicable provisions of GCR 1963, 785.3 are as follows:

".3. Arraignment and Sentencing. In every prosecution wherein the accused is charged with a felony, the trial court shall conform to the following practice:

"(1) Arraignment. If the accused is not represented by counsel upon arraignment, before he is required to plead, the court shall advise the accused that he is entitled to a trial by jury and to have counsel, and that in case he is financially unable to provide counsel the court will, if accused so requests, appoint counsel for him. If the accused states he will procure counsel or requests that counsel be appointed, a reasonable time thereafter shall be allowed for counsel to consult with the accused before his plea shall be taken.

"(2) Imposing Sentence. If the accused pleads guilty, after such plea and before sentence the court shall inform the accused of the nature of the accusation and the consequence of his plea; and regardless of whether he is represented by counsel, the court shall examine the accused, not necessarily under oath, and as a condition of accepting the plea of guilty and imposing sentence shall ascertain that the plea was freely, understandingly, and voluntarily made, without undue influence, compulsion, or duress, and without promise of leniency. Unless the court determines that the plea of guilty was so made, it shall not be accepted."

Appellant recites the recent authority of *People* v. *Hunn* (1965), 1 Mich App 580, *People* v. *Atkins* (1966), 2 Mich App 199, and *People* v. *Williams* (1966) 2 Mich App 232, in claiming that his rights were violated by not being informed of the maximum and minimum possible prison sentences. In *People* v. *Leach* (1966), 2 Mich App 713, the Court stated, at page 717:

"We are cognizant of the facts of life that man is not created with equal mental capabilities, that even intelligent laymen have little or no skill in the science of the law when appearing in court without counsel. A defendant must depend upon the court for his understanding of the complaint and the consequences of a plea of guilty. The trial judge had the duty when asked the maximum term to define it specifically. See *People* v. *Johnson* (1966), 2 Mich App 182; *People* v. *Barrows* (1959), 358 Mich 267."

The appellant showed surprise when he was informed of the sentence. He stated that he had expected a more lenient sentence, as he had cooperated and thrown himself upon the mercy of the court.

"Generally in criminal cases, the defendant's surprise as to the severity of sentence imposed after a plea of guilty, standing alone, is not such manifest injustice as to require vacation of the judgment and permission to withdraw a plea of guilty. *United States* v. *Parrino* (CA 2, 1954), 212 F 2d 919, 921, cert den 348 US 840 (75 S Ct 46, 99 L Ed 663)." *People* v. *Wurtz* (1965), 1 Mich App 190, 199, 200.

The trial judge advised the appellant that he would be sentenced to prison but said nothing concerning the possible length of the sentence, nor did the defendant ask what the maximum term might be upon his conviction. The appellant claims that this is reversible error in that the words "consequence of his plea" upon accepting appellant's plea

of guilty require a statement by the court explaining the minimum and maximum sentence allowed by statute to be imposed upon conviction of the crime.

The sentence to be imposed upon a defendant is in consequence of his conviction, which conviction follows the plea of guilty by a defendant, or upon his being found so by the verdict of the trial jury or the trial court. When the accused is found guilty, punishment imposed is a "sentence," the court's final adjudication being a "judgment." If the trial court refuses to accept the defendant's proffered plea of guilty, the defendant does not stand as yet convicted. Conviction is a separate step in the proceedings which takes place prior to the pronouncement of judgment. *People* v. *Fidelity & Deposit Co. of Maryland* (1930), 107 Cal App 160 (290 P 59).

It is the opinion of this Court that the phrase in GCR 1963, 785.3(2), "The Court shall inform the accused * * * the consequence of his plea" does not require that the accused be informed of the maximum sentence possible because of his plea or, in instances where there is a statutory minimum sentence, the required minimum sentence. See *People* v. *Charles A. White* (1967), 8 Mich App 220.

Affirmed.

BURNS, J., concurred with McGREGOR, P. J.


NEWBLATT, J. (*dissenting*). Without prolonged discussion, I find that I must respectfully disagree with my Brother's opinion in this case. His opinion depends upon drawing a distinction between "consequence of his plea" and "consequence of his conviction". The distinction is too technical for me. I conclude that GCR 1963, 785.3 was adopted to require that an accused be advised of his rights and what can happen to him if he waives those rights

and pleads guilty. Certainly, if an accused is contemplating entering a plea of guilty, he would want to know and should be informed of what can happen to him if such a plea is accepted—and what can happen to him is a matter within the trial judge's discretion, the sentence not to be in excess of the maximum term of imprisonment set by statute and any minimum term mandatorily set by statute. This is not only fair to an accused, but also a fair construction of the rule.