PEOPLE v JEROVSEK

Docket No. 103999. Submitted September 8, 1988, at Lansing. Decided October 18, 1988.

Michael Ray Jerovsek was convicted of first-degree criminal sexual conduct on his plea of nolo contendere and was sentenced to fifteen to thirty years in prison, Kalamazoo Circuit Court, Richard Ryan Lamb, J. Defendant appealed, claiming error in the scoring on his Sentencing Information Report resulted from the inclusion of prior convictions for operating a motor vehicle while under the influence of liquor (OUIL) under the scoring variable for prior misdemeanor convictions, prior record variable six.

The Court of Appeals *held:*

The provision of the sentencing guidelines relating to prior record variable six states that for its purposes a misdemeanor refers to any offense punishable by one year or less of incarceration and directly related to an enumerated list of crime groups which includes drug crimes. Under the Public Health Code, the term "drug" is defined to include any substance recognized as a drug in the official United States pharmacopeia, which recognizes alcohol as a drug. Thus, the trial court did not abuse its discretion in considering defendant's prior OUIL convictions as drug-related prior misdemeanor convictions.

Affirmed.

CRIMINAL LAW — SENTENCING — PRIOR MISDEMEANOR CONVICTIONS — OPERATING A VEHICLE WHILE UNDER THE INFLUENCE OF INTOXICATING LIQUOR.

A prior misdemeanor conviction for operating a motor vehicle while under the influence of liquor may properly be considered as a prior misdemeanor conviction for a drug-related offense for purposes of determining a defendant's sentence under the sentencing guidelines.

*Frank J. Kelley,* Attorney General, *Louis J.*

REFERENCES
Am Jur 2d, Criminal Law §§ 525 *et seq.*
See the Index to Annotations under Sentence and Punishment.

*Caruso,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *David W. DeBack* and *Kenneth A. Roth,* Assistant Prosecuting Attorneys, for the people.

*James R. Rinck,* for defendant on appeal.

Before: MacKenzie, P.J., and Weaver and McDonald, JJ.

Per Curiam. Pursuant to a plea agreement defendant pled nolo contendere to first-degree criminal sexual conduct, MCL 750.520b(1)(f); MSA 28.788(2)(1)(f), and was sentenced to fifteen to thirty years imprisonment. Defendant appeals from his sentence as of right. We affirm.

On appeal defendant contests the trial court's Sentencing Information Report (SIR) scoring of two points for prior record variable six—prior misdemeanor convictions. Defendant claims the trial court erred in including defendant's prior convictions for operating a motor vehicle while under the influence of liquor (OUIL) in its calculation under variable six as alcohol-related offenses are not contained in the guideline advisory committee's list of misdemeanors properly considered under this variable.

However, we decline to rule that only those misdemeanors contained in the advisory committee's list may be considered in calculating points for purposes of the SIR. This list was compiled after our Supreme Court's adoption of the guidelines and is not included in the newly adopted guidelines. Thus, to determine whether the trial court properly considered defendant's prior OUIL convictions, we look to the body of the guidelines themselves.

Under prior record variable six the guidelines state: "A misdemeanor refers to any offense punishable by one year or less of incarceration and directly related to one of the following crime groups: robbery, assault, CSC, drug, burglary . . . ." In the instant case the trial court included defendant's OUIL convictions finding them to be misdemeanors, punishable by one year or less of incarceration, and related to the drug-crime group:

> I disagree with the guidelines advisory committee that alcohol is not a drug related offense. Alcohol is the most abused drug in this country, according to a lot of statistics. To say that marijuana and L-S-D and other controlled substances are related to a drug group and to say that alcohol is not related to a drug group is in this Court's opinion, to ignore reality.

We agree with the trial court and find that OUIL is a drug-related crime. Under article seven, the controlled substances section, of the Public Health Code our Legislature has defined "drug" to include any "substance recognized as a drug in the official United States pharmacopeia, official homeopathic pharmacopeia of the United States, or official national formulary, or any supplement to any of them; . . . ." MCL 333.7105; MSA 14.15(7105). As the official United States pharmacopeia recognizes alcohol as a drug, USP xx, July 20, 1980, p 35, we cannot say the trial court abused its discretion in finding driving while under the influence of alcohol to be a drug-related offense.

Affirmed.