## PEOPLE v REYNA

Docket No. 115183. Submitted November 9, 1989, at Grand Rapids. Decided July 16, 1990. Leave to appeal applied for.

Atanacio Reyna, Jr., pled guilty in Cass Circuit Court to a charge of delivery of less than fifty grams of a mixture containing cocaine and was sentenced to five to twenty years in prison, Herbert E. Phillipson, J. Defendant appealed.

The Court of Appeals *held:*

1. The trial court properly scored defendant's 1973 felony conviction for larceny from an automobile under prior record variable 2 in the sentencing guidelines. Defendant was released from probation for that conviction on December 2, 1974. On November 2, 1984, he pled guilty to a charge of operating a motor vehicle while under the influence of intoxicating liquor. Because less than ten years elapsed between the time defendant was released from probation and his OUIL conviction, both convictions may be taken into consideration under the sentencing guidelines.

2. The court properly considered defendant's 1987 conviction for attempted felonious assault in scoring prior record variable 2. The fact that defendant was not sentenced on that conviction until after commission of the instant offense does not preclude consideration of that conviction in scoring the prior record variables for the instant offense.

3. Defendant's contention that he is entitled to resentencing because the trial court failed to give adequate reasons for imposing a sentence which departed from the guidelines is rejected. The court articulated the reasons for its departure from the guidelines, and that is all that is required of the court. There is no requirement that the court justify its departure.

Affirmed.

MAHER, P.J., concurred with the majority's conclusion that a

REFERENCES

Am Jur 2d, Criminal Law § 539; Habitual Criminals and Subsequent Offenders §§ 4, 6, 26.

Chronological or procedural sequence of former convictions as affecting enhancement of penalty for subsequent offense under habitual criminal statutes. 24 ALR2d 1247.

sentencing court may properly consider a prior conviction for operating a motor vehicle while under the influence of liquor for purposes of determining whether a defendant has been conviction-free for a period of ten years, but disagrees with the majority's opinion that a conviction for OUIL may not be scored as a misdemeanor conviction under the sentencing guidelines because it is not a "drug-related" offense. He would hold that alcohol is recognized as a drug and that an alcohol-related offense constitutes a drug-related offense and may be scored as such under the guidelines.

1. CRIMINAL LAW — SENTENCING — PRIOR CONVICTIONS — SENTENCING GUIDELINES.

A prior conviction is not to be scored under the sentencing guidelines if it precedes a conviction-free period of ten years or more; the ten-year period is calculated from the date a defendant is discharged from any conviction until the commission of the next offense which results in conviction; if such a ten-year period exists, all convictions preceding the period are ignored in scoring the defendant's prior convictions.

2. CRIMINAL LAW — SENTENCING — OPERATING A VEHICLE WHILE UNDER INFLUENCE OF INTOXICATING LIQUOR — SENTENCING GUIDELINES.

The offense of operating a motor vehicle while under the influence of intoxicating liquor is not a misdemeanor which may be scored under the sentencing guidelines, but a conviction for the offense may properly be considered for purposes of determining whether the defendant went for ten years without a criminal conviction.

3. CRIMINAL LAW — SENTENCING — PRIOR CONVICTIONS — SENTENCING GUIDELINES.

Any criminal conviction is sufficient to establish that the defendant did not have a ten-year period free of convictions for purposes of the sentencing guidelines.

4. CRIMINAL LAW — SENTENCING — PRIOR CONVICTIONS — SENTENCING GUIDELINES.

A prior offense may be scored under the sentencing guidelines if the defendant is convicted of the offense, be it by trial or plea, prior to the commission of the instant offense, regardless of when the defendant is sentenced on the prior offense.

5. CRIMINAL LAW — SENTENCING — DEPARTURE FROM SENTENCING GUIDELINES.

A trial court is not required to justify its departure from the

sentencing guidelines, it is merely required to articulate the reasons for its departure.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Margaret Mary Chiara,* Prosecuting Attorney, and *J. Ronald Kaplansky,* Assistant Attorney General, for the people.

*Marian Kromkowski,* for defendant on appeal.

Before: MAHER, P.J., and HOLBROOK, JR., and SAWYER, JJ.

SAWYER, J. Defendant was convicted on his plea of guilty to delivery of less than fifty grams of a mixture containing cocaine. MCL 333.7401(1) and (2)(a)(iv); MSA 14.15(7401)(1) and (2)(a)(iv). He was thereafter sentenced to serve a term of five to twenty years in prison. He now appeals and we affirm.

Defendant first argues that he is entitled to resentencing because of a misscoring of his convictions under the sentencing guidelines. We disagree. Defendant received a total of four points under the prior record score, placing him at prior record variable class "C." In a motion for resentencing, defendant challenged the two points assessed under PRV 2 and the one point assessed under PRV 6. At the hearing on the motion, the prosecutor conceded that PRV 6 should be scored as a "0," but maintained that PRV 2 was properly scored at two points. The trial court agreed and denied defendant's motion.[1]

Defendant argues that his 1973 felony conviction for larceny from an automobile should not have

---

[1] The rescoring of PRV 6 at zero points does not affect the guidelines recommendations as the total remaining points, namely, three, are still sufficient to classify defendant at level "C." However, a reduction in the points assessed for PRV 2 would reclassify defendant at level "B" and, therefore, affect the recommendations of the guidelines.

been scored under PRV 2 because it was too old. We disagree. Paragraph "H" under Tab 3, Prior Record Variables General Instructions,[2] provides that a prior conviction is not to be scored if it precedes a conviction-free period of ten years or more. The ten-year period is calculated from the date a defendant is discharged from any conviction until the commission of the next offense which results in conviction. If such a ten-year period exists, all convictions preceding the period are ignored in scoring the defendant's prior convictions.

In the case at bar, defendant concedes that he was released from probation on the larceny from an automobile conviction on December 2, 1974, and that he thereafter pled guilty to operating a motor vehicle while under the influence of intoxicating liquors on November 2, 1984, for which he was sentenced on January 15, 1985. Apparently, the 1984 OUIL offense is the only conviction suffered by defendant within ten years of his discharge from probation on the 1973 conviction. Defendant argues that the OUIL conviction may not be considered in determining whether he has a conviction-free period of ten years or more. We disagree.

The essence of defendant's argument is that OUIL is not one of the crimes listed as a "misdemeanor" for purposes of scoring prior convictions under the sentencing guidelines. The people respond by arguing that OUIL is a "drug" offense and thus may be scored under the guidelines, citing *People v Jerovsek,* 172 Mich App 489; 432 NW2d 350 (1988). In *Jerovsek,* the Court considered whether a prior conviction for OUIL could be scored under PRV 6 (prior misdemeanor convictions). The guidelines, at Tab 3, Prior Record Variables, Gen-

---

[2] Defendant was sentenced under the first edition of the sentencing guidelines and all references are to that manual.

eral Instructions, define "misdemeanor" as used in the guidelines as follows:

> D. A *misdemeanor* refers to any offense punishable by one year or less of incarceration and directly related to one of the following crime groups: robbery, assault, CSC, drug, burglary, larceny, fraud, weapons possession or property destruction.

The *Jerovsek* Court concluded that OUIL could be considered a drug-related offense.

The *Jerovsek* Court's analysis does have some merit in that OUIL is related to the abuse of alcohol and alcohol is a drug. However, we are not convinced that the guidelines envisioned such a broad reading of the term "drug" when it listed the crime groups to be considered in scoring prior misdemeanors on a sentencing information report. First, the sentencing guidelines advisory committee did prepare a list of misdemeanors which could be used in assessing points under PRV 6, and OUIL is not on the list under either the drug group or any other crime group.[3] Furthermore, the drug offenses are collected under the Public Health Code with specific sections criminalizing the possession, delivery, or use of various controlled substances. MCL 333.7401 *et seq.*; MSA 14.15(7401) *et seq.* OUIL, on the other hand, is a violation of the Michigan Vehicle Code under MCL 257.625; MSA 9.2325.[4] Accordingly, we disagree with our colleagues in *Jerovsek* and conclude that OUIL is not a "misdemeanor" which may be scored under the guidelines.

[3] The advisory committee's list of misdemeanors may be found under Tab 29 of the guidelines manual.

[4] In fact, we would note that the misdemeanor list prepared by the guidelines advisory committee does contain various motor vehicle violations under the fraud-related crime group, thus making the absence of OUIL from the list all the more conspicuous.

However, we do not believe that such a conclusion prohibits consideration of the OUIL conviction for purposes of determining whether defendant went for ten years without a criminal conviction. The instructions on the ten-year rule provide as follows:

H. Do not score any prior felony convictions, misdemeanor convictions or juvenile delinquency adjudications which precede conviction-free periods of 10 years or more. A conviction-free period exists if more than 10 years have elapsed between the *discharge date* from any conviction or adjudication and the *commission* of the next offense which results in conviction. When discharge date is *not* available, add (a) the amount of time the offender is sentenced to probation, *or* (b) the amount of time of the minimum incarceration term, to the conviction date to determine an approximate discharge date. To determine whether the decay factor is applicable:

1. Start from the date of the instant offense and go back in time to the most recent prior conviction and determine the discharge date. If there is less than 10 years between the two dates, the most recent prior conviction is to be scored. If the gap is more than 10 years, that prior conviction *and any previous convictions* are not to be scored.

2. If there is a prior conviction within the most recent 10 year period, start from the offense date of the most recent prior conviction and go back in time to the discharge date of the next prior conviction. If there is less than 10 years between the two dates, the next prior conviction is to be scored. If there is more than a 10 year gap, that prior conviction *and all previous convictions* are not to be scored.

3. Continue in like fashion until there is a 10 year gap or until there are no further prior convictions. [Tab 3, Prior Record Variables, General Instructions. Emphasis in original.]

Finally, the sentencing guidelines define a conviction as follows:

> E. A *conviction* refers to criminal charges to which the defendant pleads guilty or is found guilty in a court of law. [Emphasis in original.]

With these definitions in mind, we do not believe that a conviction for purposes of determining the applicability of the ten-year rule need be a conviction for an offense which may be scored under the guidelines. Rather, we hold that any criminal conviction is sufficient to establish that the defendant did not have a ten-year period free of convictions. In so concluding, we also consider the fact that the guidelines do consider different prior convictions differently depending on the prior record variable involved. For example, the guidelines differentiate a prior high-severity felony (PRV 1) from prior low-severity felonies (PRV 2) as well as treating separately prior high-severity similar felonies (PRV 3) and prior low-severity similar felonies (PRV 4). Thus, it is conceivable that the guidelines would restrict those misdemeanor convictions which may be scored as a prior misdemeanor conviction under PRV 6, while taking a more expansive view of what constitutes a conviction under the ten-year rule. We believe that the emphasis under the ten-year rule is not on what offense was committed, but whether the defendant was able to be completely conviction-free for a period of at least ten years. The simple fact of the matter is that defendant has not been conviction-free for a ten-year period because he committed OUIL within ten years of his discharge from probation on his prior conviction. Accordingly, we conclude that the ten-year rule is inapplicable to this case and the trial court properly assessed a point under PRV 2

for the prior larceny from an automobile conviction.

Defendant also contends that his 1987 conviction for attempted felonious assault should not be considered in scoring PRV 2. We disagree. Defendant pled guilty on March 20, 1987, to attempted felonious assault. He was sentenced on that conviction on June 19, 1987. The instant offense was committed after the conviction but prior to sentencing, namely, on April 23, 1987. Defendant argues that the relevant date is that of sentencing and not conviction and, since sentencing on the attempted felonious assault did not occur until after the commission of the instant offense, a point should not have been assessed for the assault conviction under PRV 2. We disagree.

The guidelines provide that prior convictions are to be considered only if the conviction occurred prior to the commission of the instant offense:

A. For purposes of scoring, prior convictions refer only to convictions which occur prior to commission of the instant offense. In those instances in which an offender is convicted in two jurisdictions for crimes arising out of the same set of activities, do not count any convictions in one jurisdiction related to those activities as prior convictions when sentencing for the same crimes in the other jurisdiction. [Tab 3, Prior Record Variables, General Instructions.]

A defendant stands convicted of an offense when he is found guilty, be it by trial or by plea. See *People v Funk*, 321 Mich 617; 33 NW2d 95 (1948). *Attorney General ex rel O'Hara v Montgomery*, 275 Mich 504; 267 NW 550 (1936); *People v Nitti*, 10 Mich App 454; 157 NW2d 306 (1968). Sentencing is merely a consequence of a conviction and is not the conviction itself. *Funk, supra* at 621; *Nitti,*

*supra* at 460-461. Accordingly, we conclude that a prior offense may be scored under the sentencing guidelines if the defendant is convicted of the offense, be it by trial or plea, prior to the commission of the instant offense, regardless of when the defendant is sentenced on the prior offense. Since defendant in the case at bar was convicted of attempted felonious assault prior to the commission of the instant offense, the trial court properly scored one point for that conviction under PRV 2.

For the above reasons, we conclude that defendant's prior convictions were properly scored in this case and, therefore, relief is not warranted on this ground.

Defendant next argues that he is entitled to resentencing because the trial court failed to give adequate reasons for imposing a sentence which departed from the recommendations in the guidelines. We disagree. The trial court stated its reasons for departing from the recommendations of the guidelines, including its belief that the assessment of one point under PRV 7 (current relationship to the criminal justice system) gives inadequate consideration to this variable. As this Court has stated many times before, a trial court is not required to justify its departure from the guidelines, it is merely required to articulate the reasons for its departure. See, e.g., *People v Terry James,* 142 Mich App 19; 368 NW2d 892 (1985). Here, the trial court explained its reasons for departure and, therefore, no relief to defendant is necessary.[5]

---

[5] With respect to defendant's argument that, since the trial court believed that PRV 7 is underweighted in the guidelines, the court should merely have gone ahead and assessed additional points for this variable and looked to the recommendations in the grid at the next higher prior record variable level (namely, "D"), this argument is certainly novel. However, there is no authority in the law which would permit the trial court to assess additional points nor for us to

Affirmed.

HOLBROOK, JR., J., concurred.

MAHER, P.J. *(concurring).* I concur with the majority's conclusion that a sentencing court may properly consider a prior conviction for operating a motor vehicle while under the influence of liquor for purposes of determining whether a defendant has been conviction-free for a period of ten years. Accordingly, I would affirm the trial court's sentence. I cannot agree, however, with that portion of the majority's opinion implying that a conviction for OUIL may not be scored as a misdemeanor conviction under the sentencing guidelines, because it is not a "drug-related" offense. In *People v Jerovsek,* 172 Mich App 489, 491; 432 NW2d 350 (1988), another panel of this Court directly held that a conviction for OUIL could be properly scored under the guidelines as a drug-related offense. The *Jerovsek* Court's decision was based in part upon its recognition that the Public Health Code defined "drug" as any substance recognized as a drug in the official United States pharmacopoeia, MCL 333.7105; MSA 14.15(7105), and that alcohol is recognized as a drug therein. I also agree that, because alcohol is recognized as a drug, an alcohol-related offense constitutes a drug-related offense and therefore may be scored as such under the guidelines.

---

require the trial court to do so. A defendant is free, of course, to suggest to a judge who indicates he desires to depart because a particular variable is underweighted to look to the next contiguous cell for a recommendation, but the judge is under no obligation to do so. We would further note that, in the case at bar, were the trial court to have looked at cell "II.D" rather than "II.C," defendant's sentence would then have been within the guidelines.