PEOPLE v ANWAY (AFTER REMAND)

Docket No. 122765. Submitted April 17, 1991, at Lansing. Decided
June 17, 1991, at 9:15 A.M. Addendum on rehearing September
5, 1991. Leave to appeal sought.

Thomas A. Anway pleaded guilty in the Genesee Circuit Court of
delivering less than fifty grams of cocaine. The court, Valdemar
L. Washington, J., sentenced the defendant to five to twenty
years' imprisonment. The defendant appealed, claiming that
the trial court failed to inquire, pursuant to MCR 6.101(C)(4),
into any potential conflict of interest resulting from one attor-
ney's representation of the defendant and his brother who had
been similarly charged, that the sentencing information report
was incorrectly scored because it included prior drug-related
misdemeanor convictions of operating a motor vehicle while
under the influence of intoxicating liquor and driving while
impaired, and that references to other prior misdemeanor
convictions obtained while the defendant was not represented
by counsel should have been deleted from the sentencing
information report after the court stated that it would not
consider them. The Court of Appeals, DANHOF, C.J., and SHEP-
HERD and DOCTOROFF, JJ., retained jurisdiction but remanded
the case to allow the defendant to move for a resentencing. On
remand, the trial court denied the motion, but ordered that
references to the defendant's prior misdemeanor convictions
obtained while he was not represented by counsel be deleted
from the sentencing information report.

After remand, the Court of Appeals held:

1. MCR 6.101(C)(4), which required a trial court to inquire
into any potential conflict of interest where the same attorney
represented two or more codefendants who had been jointly
charged or whose cases had been consolidated, did not apply to
this case. The defendant and his brother, although similarly

REFERENCES

Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 4, 15,
15.5.

See the Index to Annotations under Automobiles and Highway
Traffic; Habitual Criminals and Subsequent Offenders; Traffic
Offenses and Violations.

charged, were not codefendants, because the charges against them were unrelated, having arisen from offenses committed on different dates.

2. A prior misdemeanor conviction of operating a motor vehicle while under the influence of intoxicating liquor or driving while impaired cannot be considered as a prior misdemeanor conviction of a drug-related offense for purposes of determining a sentence under the sentencing guidelines. The defendant in this case is entitled to resentencing and a rescoring under the sentencing guidelines.

3. The claim regarding the prior misdemeanor convictions obtained while the defendant was not represented by counsel was rendered moot by the trial court's ruling on remand.

Remanded for resentencing.

NEFF, J., dissenting in part, stated that drunken-driving convictions can properly be considered as drug-related convictions and that remanding the case for resentencing is unnecessary.

SENTENCES — SENTENCING GUIDELINES — PRIOR MISDEMEANOR CONVICTIONS — OPERATING A VEHICLE WHILE UNDER THE INFLUENCE OF INTOXICATING LIQUOR.

A prior misdemeanor conviction of operating a motor vehicle while under the influence of intoxicating liquor or driving while impaired cannot be considered as a prior misdemeanor conviction of a drug-related offense for purposes of determining a defendant's sentence under the sentencing guidelines.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *G. L. Christopherson,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Sheila N. Robertson*), for the defendant on appeal.

AFTER REMAND

Before: SAWYER, P.J., and MARILYN KELLY and NEFF, JJ.

SAWYER, P.J. Defendant pled guilty of delivering

less than fifty grams of cocaine. MCL 333.7401(2)
(a)(iv); MSA 14.15(7401)(2)(a)(iv). He was sentenced
for the conviction to serve a term of five to twenty
years in prison. Defendant now appeals, and we
affirm his conviction but remand for resentencing.

Defendant first argues that he is entitled to
resentencing because of joint representation by a
single attorney of defendant and his brother on an
identical charge. At the time of defendant's sen-
tencing, MCR 6.101(C)(4) required that a trial
court inquire into any potential conflict of interest
where the same attorney represented two or more
codefendants who had been jointly charged or
whose cases had been consolidated. However, as
defendant admits in his brief, he and his brother
were not codefendants inasmuch as the charges,
though the same, were unrelated. That is, they
arose on different dates and were separate crimi-
nal transactions. Accordingly, MCR 6.101(C)(4) was
inapplicable.

Defendant next argues that he is entitled to
resentencing because the trial court misscored
Prior Record Variable 5 and, therefore, the guide-
lines sentencing range was incorrect. We agree.

Defendant was originally scored ten points for
PRV 5 for having four or more prior misdemeanor
convictions. However, at sentencing, the trial court
agreed to strike a number of those prior convic-
tions because they were obtained when defendant
was not represented by counsel. Accordingly, three
prior misdemeanor convictions remain, namely,
two convictions of operating a motor vehicle while
under the influence of intoxicating liquor and one
conviction of driving while impaired. On appeal,
defendant contends that those three remaining
prior misdemeanor convictions should not be con-
sidered in scoring the guidelines and, therefore,

defendant's score for PRV 5 would be zero. Such a scoring correction would affect the recommendation of the sentencing guidelines and defendant's sentence would depart from the rescored guidelines recommendations.

The instructions for the scoring of PRV 5 provide as follows:

> Score a misdemeanor only if it is related to one of the following crime groups: Assault, Burglary, Criminal Sexual Conduct, Drug, Fraud, Larceny, Property Destruction, Robbery, or Weapons Possession.

The prosecutor contends, and the trial court agreed, that drunken-driving misdemeanor convictions are scorable under PRV 5 as misdemeanors related to the drug-crime group. Defendant contends that drunken-driving offenses are not properly categorized as belonging to the drug-crime group. We agree.

This issue is the subject of a conflict between panels of this Court. In *People v Jerovsek*, 172 Mich App 489; 432 NW2d 350 (1988), this Court concluded that, because alcohol is a drug, drunken-driving convictions relate to the drug-crime group. We reached an opposite conclusion in *People v Reyna*, 184 Mich App 626; 459 NW2d 75 (1990), concluding that a drunken-driving offense cannot be scored as a misdemeanor under the guidelines. We explained our reasoning as follows:

> The *Jerovsek* Court's analysis does have some merit in that OUIL is related to the abuse of alcohol and alcohol is a drug. However, we are not convinced that the guidelines envisioned such a broad reading of the term "drug" when it listed the crime groups to be considered in scoring prior misdemeanors on a sentencing information report.

First, the sentencing guidelines advisory committee did prepare a list of misdemeanors which could be used in assessing points under PRV 6, and OUIL is not on the list under either the drug group or any other crime group. Furthermore, the drug offenses are collected under the Public Health Code with specific sections criminalizing the possession, delivery, or use of various controlled substances. MCL 333.7401 *et seq.*; MSA 14.15(7401) *et seq.* OUIL, on the other hand, is a violation of the Michigan Vehicle Code under MCL 257.625; MSA 9.2325. Accordingly, we disagree with our colleagues in *Jerovsek* and conclude that OUIL is not a "misdemeanor" which may be scored under the guidelines. [184 Mich App 630.]

We agree with defendant that *Reyna* represents the better-reasoned view of this issue.[1]

Because, as the prosecutor points out in his brief, there are some differences between the first edition of the sentencing guidelines and the second edition, a brief consideration of the instructions in the second edition is in order to confirm that the view expressed in *Reyna* is still valid. As stated above, the instructions to PRV 5 require a scoring for a prior misdemeanor conviction if it is related to one of the enumerated crime groups. Thus, the prior drunken-driving convictions are scorable only if they constitute a "misdemeanor" as defined by the Sentencing Guidelines Manual and fall within one of the applicable crime groups, which the prosecutor contends they do, namely, the drug-crime group.

---

[1] We should note that both *Reyna* and *Jerovsek* were decided under the first edition of the sentencing guidelines, under which prior misdemeanor convictions were scored as PRV 6. Under the second edition of the guidelines, which is at issue here, prior misdemeanor convictions are scored under PRV 5.

The definitions section of the second edition of the Sentencing Guidelines Manual, p 9, defines "misdemeanor" as follows:

A "misdemeanor" is an offense punishable by one year or less of incarceration *and* falling into one of the following crime groups—Assault, Burglary, Criminal Sexual Conduct, Drug, Fraud, Larceny, Property Destruction, Robbery, and Weapons Possession. [Emphasis in original.]

Thus, to be a misdemeanor within the meaning of the guidelines, the offense must fall within one of the crime groups. The same section, p 8, defines "crime group" as follows:

The offenses covered by the Michigan Sentencing Guidelines have been divided into separate crime groups. The groups, listed alphabetically, are as follows: Assault, Burglary, Criminal Sexual Conduct, Drug, Fraud, Homicide, Larceny, Property Destruction, Robbery, and Weapons Possession. *To determine whether an offense falls into a particular crime group, please consult the Crime List section of the manual.* [Emphasis added.]

Thus, to determine whether an offense falls within a crime group, it must be listed in the "crime list" section of the manual. Therefore, for a drunken-driving offense to constitute a misdemeanor in the drug-crime group under the sentencing guidelines, it must be included on the drug-crime list.

A review of the drug-crime list fails to reveal the presence of any drunken-driving related offense. In fact, the only crimes included on the drug-crime list are those contained in the Public Health Code, MCL 333.7401 *et seq.*; MSA 14.15(7401) *et seq.,* and furnishing controlled substances to prisoners, MCL 800.281; MSA 28.1621. Because drunken driving is not on the drug-crime

list, or any other crime list for that matter, it is not scorable as a prior misdemeanor conviction.[2]

For the above reasons, we conclude that the instructions to the second edition of the Sentencing Guidelines Manual confirm the correctness of our decision in *Reyna* and the conclusion that drunken-driving convictions are not scorable misdemeanors under PRV 5. Therefore, the trial court erred in scoring those convictions in the case at bar. Accordingly, defendant is entitled to a resentencing and a rescoring of the sentencing guidelines. His prior drunken-driving convictions are not to be considered when scoring PRV 5.

Defendant's final argument is that he is entitled to a correction in his presentence report in which the references to his prior unconstitutional convictions are deleted. This issue, however, was resolved in defendant's favor on our prior remand to the trial court and, therefore, is moot.

The matter is remanded to the trial court for resentencing consistent with this opinion. We do not retain jurisdiction.

MARILYN KELLY, J., concurred.

NEFF, J. *(concurring in part and dissenting in part)*. I dissent from that part of the majority opinion which resolves the conflict created by *People v Jerovsek*, 172 Mich App 489, 491; 432 NW2d 350 (1988), and *People v Reyna*, 184 Mich App 626, 628; 459 NW2d 75 (1990). I find *Jerovsek* more persuasive and would hold that no remand is necessary.

---

[2] As noted in *Reyna, supra* at 630, n 4, certain fraud-related crimes under the Vehicle Code are contained in the fraud-crime list. Thus, as noted in *Reyna*, the sentencing guidelines committee's inclusion of certain motor vehicle code violations in the crime list makes the absence of the drunken-driving offenses from any of the crime lists all the more conspicuous.

As noted by the *Jerovsek* panel, the official United States pharmacopeia recognizes alcohol as a drug. Second, the second edition of the Michigan Sentencing Guidelines, unlike the first edition, contains no list of scorable misdemeanors. Finally, I find the fact that the drug offenses and the OUIL offenses fall within different codes to be an insufficient distinction for determining whether OUIL offenses should be scored as prior misdemeanors.

In all other respects, I concur in the majority opinion.

### ADDENDUM (ON REHEARING)

#### SAWYER P.J.

Following the release of this opinion to the parties, plaintiff moved for rehearing, seeking a clarification of our original opinion. Although our holding is unaffected, we agree that certain language in the opinion can be read to produce in other cases a result that we did not intend.

Specifically, in the opinion, *ante* at 711, we state "for a drunken-driving offense to constitute a misdemeanor in the drug-crime group under the sentencing guidelines, it must be included on the drug-crime list." Later, we state that "[b]ecause drunken driving is not on the drug-crime list, or any other crime list for that matter, it is not scorable as a prior misdemeanor conviction." Read literally, this would mean that virtually no misdemeanors would be scorable because the crime list only contains crimes for which an SIR is to be prepared upon conviction, which are almost all felonies.[1] As defendant points out in his answer to plaintiff's motion for rehearing, this was not our

---

[1] The crime lists do contain some misdemeanors, such as the two-year offense of fourth-degree criminal sexual conduct. MCL 750.520e; MSA 28.788(5).

intention, nor did defendant advocate such a holding. Indeed, such a holding would be contrary to the fact that the sentencing guidelines specifically provide for the scoring of misdemeanors.

Rather, the first of the above-quoted sentences should have read "for a drunken-driving offense to constitute a misdemeanor in the drug-crime group under the sentencing guidelines, it must be *related to a crime* included on the drug-crime list" and the second sentence should have read "[b]ecause drunken driving is not *related to a crime* on the drug-crime list, or any other crime list for that matter, it is not scorable as a prior misdemeanor conviction." We regret any confusion our inartful drafting in the original opinion may have caused.

The point to be made is that, to be scorable, a misdemeanor must bear a relationship to the crimes on one of the crime lists. For example, simple assault, MCL 750.81; MSA 28.276, would be properly scored as a prior misdemeanor because it is related to the various assaultive offenses that are on the assault crime list. Misdemeanor assault is of the same type and character, except for severity, as various felony assault offenses on the crime list. Indeed, misdemeanor assault is included in the same chapter of the Penal Code as many of the felony assault offenses included on the assault crime list.[2]

Drunken driving bears no relationship to the drug offenses. They are punishable under separate statutes, and the former relates to traffic safety while the latter relates to public health. They simply are not of the same type or character. Indeed, felony drunken driving is not on the drug-crime list, or any other crime list.[3]

---

[2] Lest there be further confusion, this is merely a factor to be considered rather than a requirement to be met.

[3] Again, this is only a factor to be considered and not a test to be

Accordingly, we reaffirm our original conclusion, as clarified herein.[4]

---

met. For example, felony retail fraud, MCL 750.356c; MSA 28.588(3), is not on a crime list, yet misdemeanor retail fraud is likely scorable as a prior misdemeanor because it is related to the larceny crime group and is of the same type and character as larceny.

[4] Judge NEFF would grant rehearing but stands by her partially concurring and partially dissenting opinion.