PEOPLE v EAVES

Docket No. 155507. Submitted June 9, 1993, at Grand Rapids. Decided
    January 19, 1994, at 9:40 A.M.

    Donald W. Eaves pleaded guilty in the Allegan Circuit Court,
    George R. Corsiglia, J., of second-degree criminal sexual con-
    duct and fourth-degree criminal sexual conduct and was sen-
    tenced to concurrent terms of imprisonment of five to fifteen
    years for the second-degree conviction and one to two years for
    the fourth-degree conviction. The defendant appealed, claiming
    error in the scoring of the sentencing guidelines for prior
    record variables related to prior low-severity felony convictions
    (PRV 2) and subsequent/concurrent felony convictions (PRV 7).

    The Court of Appeals held:

    1. The defendant failed to preserve for appeal the challenge
    to the scoring under PRV 7 when he failed to raise the issue at
    sentencing or move for remand.

    2. The instructions for PRV 2 provide that if a prior felony
    conviction falls outside the crime groups covered by the sen-
    tencing guidelines and the judge determines it is similar to a
    low-severity felony conviction, that prior felony conviction
    should be included in scoring PRV 2. In this case, the defen-
    dant's prior felony conviction of operating a motor vehicle
    while under the influence of intoxicating liquor, third offense,
    was sufficiently similar to a drug conviction to warrant inclu-
    sion for scoring under PRV 2.

    Affirmed.

SENTENCES — SENTENCING GUIDELINES — PRIOR RECORD VARIABLES —
    PRIOR LOW-SEVERITY FELONY CONVICTIONS — OPERATING A
    MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF INTOXICATING
    LIQUOR.

    A prior conviction of operating a motor vehicle while under the
    influence of intoxicating liquor, third offense, is sufficiently

REFERENCES

Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 2, 14,
    15.
See ALR Index under Habitual Criminals and Subsequent Offend-
    ers; Sentence and Punishment.

similar to a prior felony drug conviction for purposes of the sentencing guidelines to allow a sentencing judge to assess points under the prior record variable relating to prior low-severity felony convictions when sentencing a convicted felon with a prior conviction of OUIL, third offense (MCL 257.625[6][d]; MSA 9.2325[6][d]; PRV 2).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Andrew J. Marks,* Prosecuting Attorney, and *Roberts A. Kengis,* Assistant Prosecuting Attorney, for the people.

*Allen J. Lewis,* for the defendant on appeal.

Before: WHITE, P.J., and NEFF and C. C. SCHMUCKER,* JJ.

PER CURIAM. Pursuant to a plea agreement, defendant pleaded guilty of second-degree criminal sexual conduct, MCL 750.520c; MSA 28.788(3), and fourth-degree criminal sexual conduct, MCL 750.520e; MSA 28.788(5), in return for the prosecutor's dismissal of three counts of second-degree criminal sexual conduct, one count of assault with intent to commit second-degree criminal sexual conduct, and second felony-offender charges. Defendant received concurrent sentences of five to fifteen years for the second-degree criminal sexual conduct conviction and one to two years for the fourth-degree criminal sexual conduct conviction. Defendant appeals as of right, claiming that in computing the sentence guidelines, the trial court improperly scored two prior record variables (PRVs). We affirm.

Defendant's prior record included several misdemeanor convictions: one drug-related, one larceny-related, and the rest related to operating a vehicle while under the influence of intoxicating liquor

---

* Circuit judge, sitting on the Court of Appeals by assignment.

(OUIL), and unlawful blood alcohol level (UBAL). Defendant's record also included a conviction of OUIL, third offense, which is a felony under MCL 257.625(6)(d); MSA 9.2325(6)(d). Defendant's presentence report indicated that his conduct was related to an ongoing alcohol abuse problem, which he admitted in court.

On the basis of defendant's dual pleas and his prior criminal record, the sentencing judge initially scored ten points under PRV 2 for a prior low-severity felony conviction, ten points under PRV 5 for four or more prior misdemeanor convictions, and ten points under PRV 7 for one subsequent or concurrent conviction. Defendant successfully contended that his alcohol-related motor vehicle offenses could not be included as misdemeanors under PRV 5, and the judge reduced that score to five points, for two prior misdemeanor convictions. Defendant also contended, unsuccessfully, that his third-offense OUIL could not be included as a prior low-severity felony under PRV 2. Defendant did not contest the PRV 7 score. With PRV scores totaling twenty-five points, and offense variable scores also totaling twenty-five points, defendant's recommended minimum sentence was 48 to 120 months for second-degree criminal sexual conduct. The judge sentenced defendant to a minimum term of sixty months.

On appeal, defendant again contests the PRV 2 score, and challenges the PRV 7 score as well. Defendant's PRV 7 challenge is waived as unpreserved, because he did not raise it at sentencing, or by motion to remand. *People v Walker,* 428 Mich 261, 266; 407 NW2d 367 (1987).

A ten-point score under PRV 2 is appropriate where a defendant has previously been convicted of a low-severity felony: The instruction applicable to PRV 2 provides:

> A. A low severity felony conviction refers to a conviction for any felony included in the following crime groups and statutory maxima:
>> Assault (24 month maximum)
>> Burglary (120, 60, 48, 30, 24 month maxima)
>> CSC (30, 24 month maxima)
>> Drug (All)
>> Fraud (All)
>> Larceny (60, 48, 30, 24 month maxima)
>> Property Destruction (All)
>> Weapons Possession (All)
>
> All other felony convictions included in the crime groups covered by the guidelines are high severity convictions.
>
> B. If a prior felony conviction falls outside of the crime groups covered by the guidelines and the judge determines it is similar to a low severity felony conviction (e.g., Escape 750.193), it should be included in scoring this variable.

In contrast to subsection B of the PRV 2 instruction, PRV 5 regarding misdemeanors provides:

> Score a misdemeanor only if it is related to one of the following crime groups: Assault, Burglary, Criminal Sexual Conduct, Drug, Fraud, Larceny, Property Destruction, Robbery, or Weapons Possession.

After considering the admissibility of alcohol-related motor vehicle offenses under both PRV 2 and PRV 5, the judge included the felony under PRV 2 but excluded the misdemeanors under PRV 5. Applying the sentencing guidelines' instructions, the judge reasoned that under PRV 2 defendant's third-offense OUIL was sufficiently similar to a drug conviction to warrant inclusion for scoring, because both involved substance abuse.

We note that the judge's decision to omit defendant's many alcohol-related misdemeanors from consideration under PRV 5 was correct. This

Court's split of opinion with regard to that issue[1] was resolved in *People v Anway (After Remand),* 189 Mich App 706; 473 NW2d 804 (1991), which concluded that OUIL, a Vehicle Code violation, was not so similar to drug offenses under the Public Health Code as to warrant inclusion as a drug-related offense.

However, as noted above, the sentencing guidelines allow a sentencing judge to determine whether other felonies falling outside the enumerated crime groups are similar to low-severity felony convictions. If the judge determines that they are similar, they are to be included. While the reasoning in *Anway, supra,* is determinative under Administrative Order No. 1990-6, 436 Mich lxxxiv (1990), with regard to scoring under PRV 5, the instructions for scoring PRV 2 contemplate the inclusion of similar crimes outside the crime group. Applying this rule, we find the trial judge's inclusion of the OUIL offense was justified.

In any event, had the judge chosen to score no points for PRV 2, the guidelines would have recommended a minimum range of twenty-four to sixty months. Defendant was sentenced to a minimum of sixty months and thus his sentence fell within the recommended minimum range regardless of whether his third-offense OUIL was included as a prior felony.

Affirmed.

---

[1] Compare *People v Jerovsek,* 172 Mich App 489; 432 NW2d 350 (1988) (OUIL includable as drug offense), with *People v Reyna,* 184 Mich App 626; 459 NW2d 75 (1990) (OUIL not includable as a drug offense).