# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
August 20, 2015

Plaintiff-Appellee,

v

No. 320489
Jackson Circuit Court
LC No. 13-004158-FC

RANDY SCOTT STEVENS,

Defendant-Appellant.

Before: SAWYER, P.J., and M. J. KELLY and SHAPIRO, JJ.

PER CURIAM.

Defendant pleaded guilty to second-degree child abuse, MCL 750.136b(3)(b). He was sentenced to 6 to 10 years' imprisonment and was ordered to pay $3,380 in restitution. Defendant filed a delayed application for leave to appeal, which was denied by this Court. Defendant applied for leave to appeal to the Supreme Court, and this case was remanded to us "for consideration as on leave granted." *People v Stevens*, 497 Mich 880; 854 NW2d 713 (2014). We affirm defendant's conviction. We remand for resentencing, however, as we find error in the scoring of Offense Variables (OVs) 13 and 14. Lastly, we vacate the order of restitution.

Defendant seeks to have his plea-based conviction vacated on the grounds that the elements of second-degree child abuse were not established at the plea hearing.[1] Second-degree child abuse requires that the defendant "knowingly or intentionally commit[] an act likely to cause serious physical or mental harm to a child regardless of whether harm results." MCL 750.136b(3)(b). Defendant admitted at the hearing, and does not now contest, that on numerous occasions, he knowingly and intentionally sent his son to the home of someone he knew to be a

---

[1]A defendant must file a motion to withdraw his plea in the trial court, or this issue is waived for appellate review. MCR 6.310(D); *People v Kaczorowski*, 190 Mich App 165, 172-173; 475 NW2d 861 (1991). Defendant did not file a motion to withdraw his plea in the trial court. Therefore, we need not consider this issue. See *id*. at 173. However, given that this case has come to us on leave granted from the Supreme Court, we elect to address it.

-1-

sex offender while taking no protective actions. Defendant does argue on appeal that it was not likely for harm to result to the child based on his actions. However, defendant explicitly admitted at the plea hearing that "as a result [of his actions, his son] was exposed to serious physical or mental harm." Direct and unequivocal admission to each individual element of the crime satisfies the factual basis requirement.

This is not to say that simply by allowing a child to go to the home of a known sex offender that a parent is guilty of second-degree child abuse. Where a defendant disputes the charges, the prosecution must prove beyond a reasonable doubt that in doing so, the parent intentionally exposed the child to likely physical or mental harm. MCL 750.136b(3)(b). Here, however, the defendant knowingly and voluntarily admitted under oath that he did exactly that. See *People v Fonville*, 291 Mich App 363, 377; 804 NW2d 878 (2011) (citation omitted) ("A factual basis to support a plea exists if an inculpatory inference can be drawn from what defendant has admitted.").

Defendant next argues that the sentencing guidelines were improperly scored and specifically challenges the scoring of prior record variable (PRV) 1, OV 12, OV 13, OV 14, and OV 19.[2]

PRV 1 addresses prior high severity felony convictions, MCL 777.51, and 25 points are assessed when the defendant has one prior high severity felony conviction. MCL 777.51(1)(c). A prior high severity felony conviction is not counted under PRV 1 if there exists "a gap of 10 or more years between a discharge date and a subsequent commission date." *People v Billings*, 283 Mich App 538, 552; 770 NW2d 893 (2009). Defendant challenges the scoring of PRV 1 on the basis that there was more than a 10-year gap between his discharge date for an armed robbery conviction and the date he committed the instant offense. Defendant was discharged on the armed robbery conviction on October 13, 1997, and he committed the instant offense between September 2011 and January 25, 2013. However, the record demonstrates that defendant was convicted of numerous misdemeanor offenses between those dates. There was never a period of ten years in which defendant remained conviction-free. See *People v Reyna*, 184 Mich App 626, 632; 459 NW2d 75 (1990) ("[T]he emphasis under the ten-year rule is not on what offense was committed, but whether the defendant was able to be completely conviction-free for a period of at least ten years."). Therefore, PRV 1 was properly scored.

OV 12 addresses contemporaneous felonious criminal acts. MCL 777.42. Five points are assessed when the defendant committed two contemporaneous felonious criminal acts involving other crimes. "A felonious criminal act is defined to be contemporaneous if the *act* occurred within 24 hours of the *sentencing offense* and will not result in a separate conviction." *People v Light*, 290 Mich App 717, 722; 803 NW2d 720 (2010), quoting *People v Bemer*, 286 Mich App 26, 32-33; 777 NW2d 464 (2009). The trial court is required to "look beyond the

---

[2] The trial court's factual determinations at sentencing "are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). We review the interpretation and application of the sentencing guidelines de novo. *People v McDonald*, 293 Mich App 292, 298; 811 NW2d 507 (2011).

sentencing offense and consider only those separate acts or behavior that did not establish the sentencing offense." *Light*, 290 Mich App at 723. In this case, the sentencing offense was established by defendant's acts involving *one* of his children; however, the record supports that he took the same action as to at least one of his other children. Defendant's actions regarding this other child did not establish the sentencing offense. See *id.* Further, the record supports that the other acts were contemporaneous. Testimony from the preliminary examination established that the children had gone to the sex offender's home together; thus, the acts occurred within 24 hours of one another. See *id.* at 722. Additionally, defendant was not charged or convicted of child abuse with respect to the any other children; thus, these acts did not, and will not, result in separate convictions. See *id.* Therefore, OV 12 was properly scored.

OV 13 addresses a continuing pattern of criminal behavior. MCL 777.43. Ten points are assessed when "[t]he offense was part of a pattern of felonious criminal activity involving a combination of 3 or more crimes against a person or property . . . ." MCL 777.43(1)(d). All relevant crimes within a five-year period, including the sentencing offense, should be scored. *People v Bonilla-Machado*, 489 Mich 412, 424; 803 NW2d 217 (2011). An offense may be considered regardless of whether it resulted in a criminal conviction. MCL 777.43(2)(a). We find that the trial court clearly erred in considering an arson that defendant allegedly committed and thefts in which defendant was involved under this variable. There is no record evidence that these crimes occurred within a five-year period of the instant offense, and we cannot merely assume that they did. The only other evidence of felonious criminal activity against a person or property occurring within a five-year period of the instant offense is evidence of an arson that occurred in September 2011. Therefore, because the record does not support that the instant offense "was part of a pattern of felonious criminal activity involving a combination of 3 or more crimes against a person or property," see MCL 777.43(1)(d), the trial court clearly erred in scoring OV 13. Because this scoring error alters the appropriate guidelines range, defendant is entitled to resentencing. *People v Francisco,* 474 Mich 82, 89 n 8; 711 NW2d 44 (2006).

OV 14 addresses the offender's role in the instant offense. MCL 777.44. 10 points are assessed if the defendant "was a leader in a multiple offender situation." MCL 777.44(1)(a). A "multiple offender situation" under OV 14 concerns "a situation consisting of more than one person violating the law while part of a group." *People v Jones*, 299 Mich App 284, 287; 829 NW2d 350 (2013), vacated in part on other grounds 494 Mich 880 (2013). A "leader" is "one who is a 'guiding or directed head' of a group." *Id.*, quoting *Random House Webster's College Dictionary* (1999). In this case, defendant's wife was charged with first-degree child abuse for the same conduct. However, there was no evidence that her actions were either directed by defendant or the result of joint planning in which he took the leadership role. Thus, it was clear error to conclude that a preponderance of the evidence supported this scoring. The trial court focused on attempts by defendant to manipulate the testimony of his wife and children after the charges were filed. These actions, which substantially post-date the charged actions, are properly considered under OV 19, but do not, in themselves, constitute evidence that he directed his wife's own criminal conduct.

Turning to OV 19, we find no error in the trial court's decision to score 10 points because "[t]he offender otherwise interfered with or attempted to interfere with the administration of justice." MCL 777.49(c). The record supports that: defendant coached the children before they were interviewed, contacted the children during this proceeding despite a no-contact order, and

attempted to manipulate his wife by telling her not to make a deal with the prosecutor unless they were both offered one. He also falsely told his wife that the prosecutor tried to get him to turn against her.

Next, defendant argues that the trial court erred in assessing him $3,380 in restitution.[3]

A trial court's order of restitution is governed by MCL 780.766(2), which provides, in pertinent part:

> [W]hen sentencing a defendant of a crime, the [trial] court shall order, in addition to or in lieu of any other penalty authorized by law or in addition to any other penalty required by law, that the defendant make full restitution to any victim of the defendant's course of conduct that gives rise to the conviction or to the victim's estate.

Our Supreme Court recently held in *People v McKinley*, 496 Mich 410, 419-420; 852 NW2d 770 (2014),[4] that "any course of conduct that does not give rise to a conviction may not be relied on as a basis for assessing restitution against a defendant." Defendant was assessed restitution in this case for his course of conduct concerning the charged arson, of which he was not convicted. Thus, the restitution did not result from defendant's course of conduct that gave rise to his conviction of second-degree child abuse. Defendant is entitled to remand for an entry of an amended judgment of sentence that reflects that defendant does not owe restitution. See *id*.

Defendant argues that the trial court abused its discretion by failing to adequately respond to his challenges to the contents in the presentence investigation report (PSIR). The contents of the PSIR are presumed to be accurate unless challenged by a defendant. *People v Ratkov (After Remand)*, 201 Mich App 123, 125; 505 NW2d 886 (1993). The defendant bears the burden of going forward with an "effective challenge" to the accuracy or relevancy of the contents of the PSIR. *People v Lloyd*, 284 Mich App 703, 705; 774 NW2d 347 (2009). Once an effective challenge has been raised, the burden shifts to the prosecution to prove the disputed facts by a preponderance of the evidence. *Id*. The trial court is required to respond to the defendant's challenge. *People v Spanke*, 254 Mich App 642, 648; 658 NW2d 504 (2003). It is far from clear that defendant properly identified and challenged specific alleged inaccuracies in the PSIR. However, we need not address this issue. Because we remand for resentencing, a new PSIR will

---

[3] We review a trial court's order of restitution for an abuse of discretion. *People v Bell*, 276 Mich App 342, 345; 741 NW2d 57 (2007).

[4] We note that *McKinley* was decided after the trial court assessed restitution in this case. *McKinley* overruled *People v Gahan*, 456 Mich 264; 571 NW2d 503 (1997), in which our Supreme Court had held that MCL 780.766(2) "authorize[d] the sentencing court to order criminal defendants to pay restitution to all victims, even if those specific losses were not the factual predicate for the conviction." Despite the fact that the restitution assessed in this case would have been permitted under *Gahan*, both parties agree that it is no longer permitted under *McKinley*.

be prepared and, if defendant believes it contains inaccuracies, his attorney will have the opportunity to raise the issue with the trial court.

Defendant also filed a Standard 4 brief. However, MCR 7.205(E)(4) provides that "[u]nless otherwise ordered, the appeal is limited to the issues raised in the application and supporting brief." In remanding to this Court "for consideration as on leave granted," the Supreme Court did not order that new issues could be raised. Thus, our consideration is properly limited to those raised in the application and supporting brief. MCR 7.205(E)(4). Nevertheless, we have reviewed defendant's Standard 4 brief. The first issue he raises concerns the alleged lack of a factual basis for the plea and we have considered that argument above. The second issue concerns allegations of "judge shopping" by the prosecution and we find the issue to be wholly without merit. The third issue concerns the scoring of OV 4 and defendant may raise this issue at resentencing should he choose to do so.

Affirmed in part, vacated in part, and remanded for resentencing. We do not retain jurisdiction.


/s/ David H. Sawyer
/s/ Michael J. Kelly
/s/ Douglas B. Shapiro