## PEOPLE v WOODS

Docket No. 158749. Submitted March 8, 1994, at Grand Rapids. Decided April 5, 1994, at 9:05 A.M. Leave to appeal sought.

Joseph H. Woods pleaded nolo contendere in the St. Joseph Circuit Court, James Noecker, J., to a charge of third-degree criminal sexual conduct and was sentenced to seven to fifteen years in prison. He appealed, claiming that the trial court improperly scored a prior record variable and an offense variable and that his sentence is disproportionate.

The Court of Appeals *held:*

1. The trial court properly scored a prior conviction of operating a vehicle while under the influence of intoxicating liquor, third offense, as a prior low-severity felony conviction under PRV 2.

2. The trial court properly scored twenty-five points for OV 2 because the victim suffered bodily injury, in the form of pregnancy and a subsequent abortion, as a result of the sexual assault.

3. The defendant's sentence is proportionate to the seriousness of the circumstances surrounding the offense and the offender.

Affirmed.

1. SENTENCES — SENTENCING GUIDELINES — PRIOR RECORD VARIABLES — PRIOR LOW-SEVERITY FELONY CONVICTIONS — OPERATING A MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF INTOXICATING LIQUOR.

A prior conviction of operating a motor vehicle while under the influence of intoxicating liquor, third offense, is sufficiently similar to a prior felony drug conviction for purposes of the sentencing guidelines to allow a sentencing judge to assess points under the prior record variable relating to prior low-

REFERENCES

Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 6, 14, 15, 20, 21; Rape §§ 57, 59.

Sufficiency of allegations or evidence of serious bodily injury to support charge of aggravated degree of rape, sodomy, or other sexual abuse. 25 ALR4th 1213.

severity felony convictions when sentencing a defendant convicted of third-degree criminal sexual conduct (MCL 257.625[6][d]; MSA 9.2325[6][d]; PRV 2).

2. Rape — Sentencing Guidelines — Bodily Injury to Victim — Pregnancy — Abortion — Offense Variables.

Twenty-five points may be scored under the offense variable of the sentencing guidelines relating to bodily injury to the victim of criminal sexual conduct where pregnancy and an abortion result from a sexual assault (OV 2).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Jeffrey C. Middleton,* Prosecuting Attorney, and *Charles D. Hackney,* Assistant Attorney General, for the people.

State Appellate Defender (by *Anne Yantus*), for the defendant on appeal.

Before: Sawyer, P.J., and Fitzgerald and D. A. Roberson,* JJ.

Per Curiam. Pursuant to a plea agreement, defendant pleaded nolo contendere to a charge of third-degree criminal sexual conduct, MCL 750.520d(1)(a); MSA 28.788(4)(1)(a), and was sentenced to a prison term of seven to fifteen years. Defendant appeals as of right, claiming that the trial court improperly scored a prior record variable (PRV) and an offense variable (OV) and that his sentence is disproportionate. We affirm.

Defendant's argument that the trial court erred in scoring a prior conviction of operating a vehicle while under the influence of intoxicating liquor, third offense, as a prior low-severity felony conviction under PRV 2 was addressed and rejected by this Court in *People v Eaves,* 203 Mich App 356, 360; 512 NW2d 1 (1994).

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

Defendant also contends that the trial court erred in scoring twenty-five points for ov 2 because the pregnancy resulting from the sexual assault and the subsequent abortion do not constitute "bodily injury." We disagree.

Offense Variable 2 instructs the trial court to score twenty-five points when the victim suffers bodily injury. The Sentencing Guidelines Manual does not define the term "bodily injury" for purposes of ov 2, and neither this Court nor our Supreme Court has had the occasion to interpret the meaning of bodily injury in the context presented by the facts of this case.

Under MCL 750.520a(j); MSA 28.788(1)(j), "personal injury" is defined as "bodily injury, disfigurement, mental anguish, chronic pain, pregnancy, disease, or loss or impairment of a sexual or reproductive organ." Although defendant correctly observes that "bodily injury" and "pregnancy" are listed separately under this definition, the two are not mutually exclusive. Indeed, "disfigurement" or "loss or impairment of a sexual or reproductive organ" would constitute "bodily injury" within the meaning of ov 2, even though all three constitute "personal injury" under the statute.

Looking to other jurisdictions for guidance, we find the language in *People v Sargent*, 86 Cal App 3d 148, 151-152; 150 Cal Rptr 113 (1978), persuasive:

> A pregnancy resulting from a rape (and, in this case, a resulting abortion) are not injuries necessarily incidental to an act of rape. The bodily injury involved in a pregnancy (and, in this case, a resulting abortion) are significant and substantial. Pregnancy cannot be termed a trivial, insignificant matter. It amounts to significant and substantial bodily injury or damage. It involves more than the psychological and emotional distress necessarily

incident to a rape which psychological or emotional distress the authors of [*People* v] *Caudillo* [21 Cal 3d 562; 146 Cal Rptr 859; 580 P2d 274 (1978)] deemed not to constitute significant or substantial physical injury. Major physical changes begin to take place at the time of pregnancy. It involves a significant bodily impairment primarily affecting a woman's health and well being. It is all the more devastating when imposed on a woman by forcible rape.

Pregnancy can have one of three results—childbirth, abortion or miscarriage. Childbirth is an agonizing experience. An abortion by whatever method used constitutes a severe intrusion into a woman's body. A miscarriage speaks for itself. Just what the dimensions of a "normal" rape might be, we leave to the authors of *Caudillo.* We merely find that the facts in this case, i.e., a pregnancy followed by an abortion, clearly support a finding of great bodily injury.

In this case, the trial court's decision to score the pregnancy and abortion as bodily injury nearly mirrored that of the court in *Sargent.* Under these circumstances, we conclude that the trial court properly scored twenty-five points under OV 2 for the pregnancy and abortion suffered by the victim as a result of defendant's sexual assault.

Lastly, defendant's sentence, which is within the minimum recommended guidelines' range, is proportionate to the seriousness of the circumstances surrounding the offense and the offender. *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990).

Affirmed.