# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

RODNEY CHARLES BUTLER,

        Defendant-Appellant.

FOR PUBLICATION
June 2, 2016
9:00 a.m.

No. 327430
Ogemaw Circuit Court
LC No. 14-004337-FH

Before: GLEICHER, P.J., and SAWYER and M. J. KELLY, JJ.

SAWYER, J.

We are asked to determine in this case whether a prior conviction that is not otherwise scorable under the prior record variables of the sentencing guidelines may, nevertheless, be considered in applying the so-called "10-year gap" rule of MCL 777.50. We conclude that it may.

Defendant was convicted by plea of second-degree home invasion[1] for an offense committed on May 11, 2014. He was sentenced within the guidelines recommendation, as scored by the trial court, to 3 to 15 years in prison. Defendant has an extensive criminal record dating back to 1984. But he acquired no convictions at all from 2001 until 2012, with the exception of a 2006 conviction related to an offense committed in 1993.[2] Depending on whether that 2006 conviction is to be considered in applying the provisions of MCL 777.50, defendant's prior record level under the sentencing guidelines, and therefore the recommended minimum sentence range, will change significantly.

MCL 777.50 provides in relevant part as follows:

      (1) In scoring prior record variables 1 to 5, do not use any conviction or juvenile adjudication that precedes a period of 10 or more years between the

---

[1] MCL 750.110a(3).

[2] It is unclear to us why such an extended period of time passed between the offense and the conviction. But the reason is not relevant to the disposition of this case.

-1-

discharge date from a conviction or juvenile adjudication and the defendant's commission of the next offense resulting in a conviction or juvenile adjudication.

(2) Apply subsection (1) by determining the time between the discharge date for the prior conviction or juvenile adjudication most recently preceding the commission date of the sentencing offense. If it is 10 or more years, do not use that prior conviction or juvenile adjudication and any earlier conviction or juvenile adjudication in scoring prior record variables. If it is less than 10 years, use that prior conviction or juvenile adjudication in scoring prior record variables and determine the time between the commission date of that prior conviction and the discharge date of the next earlier prior conviction or juvenile adjudication. If that period is 10 or more years, do not use that prior conviction or juvenile adjudication and any earlier conviction or juvenile adjudication in scoring prior record variables. If it is less than 10 years, use that prior conviction or juvenile adjudication in scoring prior record variables and repeat this determination for each remaining prior conviction or juvenile adjudication until a period of 10 or more years is found or no prior convictions or juvenile adjudications remain.

Under these provisions, if the 2006 conviction is considered, then there is no 10-year period in which defendant went without a conviction and, therefore, PRV 5 would be scored at 20 points for having 7 or more prior misdemeanor convictions.[3] This is how the trial court scored the guidelines. On the other hand, if the 2006 conviction is ignored, then there is a period of over 10 years from his discharge on May 17, 2002, for a 2001 conviction for what the presentence describes as "A&B" until the commission of a felony drunk-driving related offense on September 3, 2012, for which he was convicted of operating while impaired, third offense.[4] In that case, defendant would have no scorable prior misdemeanor convictions and PRV 5 should be scored at 0 points. We believe that the trial court properly scored the guidelines.

We review de novo questions of statutory interpretation of the sentencing guidelines.[5] In interpreting a statute, we first look to the statute's plain language.[6] If the statute's language is clear, we apply it as written.[7] We find the language of MCL 777.50 to be clear and in no need of further interpretation.

---

[3] MCL 777.55(1).

[4] MCL 257.625(9)(c).

[5] *People v Cannon*, 481 Mich 152, 156; 749 NW2d 257 (2008).

[6] *People v Wiggins*, 289 Mich App 126, 128-129; 795 NW2d 232 (2010).

[7] *People v Armstrong*, 205 Mich App 230, 243; 851 856 (2014).

Defendant's argument is based upon the fact that the offense for which he was convicted in 2006 is not itself a scorable offense under PRV 5.[8] Defendant argues that, because the two statutes must be read in pari materia, only offenses scorable under MCL 777.55 may be considered in applying the 10-year gap rule under MCL 777.50 in determining which offenses may be scored under PRV 5. We disagree.

This Court explained the in pari materia rule in *People v Stephan*[9] as follows:

Under this doctrine, statutes that relate to the same subject or share a common purpose are in pari materia. Such statutes must be read together as one law, even if they contain no reference to one another and were enacted on different dates. *People v Webb,* 458 Mich 265, 274; 580 NW2d 884 (1998). . . .

The object of the in pari materia rule is to further legislative intent by finding an harmonious construction of related statutes, so that the statutes work together compatibly to realize that legislative purpose. *Id.* Therefore, if two statutes lend themselves to a construction that avoids conflict, that construction should control. *Id.* Two statutes that form "a part of one regulatory scheme" should be read in pari materia. *In re Complaint of Southfield Against Ameritech Michigan,* 235 Mich App 523, 527; 599 NW2d 760 (1999).

The flaw in defendant's reasoning is that it rests on the presumption that, in order for MCL 777.50 and MCL 777.55 to be read harmoniously, only the same exact convictions may be considered under both sections. Defendant insists that they must be "interpreted consistently with the Legislature's judgment that only certain misdemeanors should be used in assessing the severity of a defendant's criminal history." We do not believe that this is the case.

While both statutes do serve a common purpose of limiting what prior convictions may be considered, the limitations are different and the underlying purpose of the respective limitations are obviously different as well. MCL 777.55(2) serves to limit which prior misdemeanor convictions can be considered at all in scoring PRV 5, regardless whether they occurred a week prior, a year prior, or a decade prior. The limitation is on the type of misdemeanor that the Legislature finds relevant in assessing a defendant's prior criminal history.

MCL 777.50, on the other hand, applies to the scoring of multiple PRVs, 1 through 5. Thus, if a 10-year gap between convictions exists so as to trigger the provisions of MCL 777.50, prior convictions of all sorts will be ignored: prior high severity felonies (PRV 1),[10] prior low

---

[8] MCL 777.55(2) limits the scoring of PRV 5 to prior misdemeanors and juvenile adjudications for offenses against persons or property, controlled substance offenses, weapons offenses, as well as various drunk-driving related offenses.

[9] 241 Mich App 482, 497-498; 616 NW2d 188 (2000).

[10] MCL 777.51.

severity felonies (PRV 2),[11] prior high severity juvenile adjudications (PRV 3),[12] prior low severity juvenile adjudications (PRV 4),[13] as well as prior misdemeanors (PRV 5). MCL 777.50 draws no distinctions between the types of crimes previously committed. When a defendant has gone 10 years from the discharge from a conviction until the commission of his or her next offense, all convictions, regardless of the crime, are to be ignored. The prior conviction could be a prior high severity felony, such as second-degree murder,[14] and, as long as the defendant does not commit another crime for at least 10 years after discharge from the murder conviction, that murder conviction would no longer be scorable under PRV 1.

In other words, the provisions of MCL 777.55, along with MCL 777.51 through MCL 777.54, consider the nature of the defendant's prior crimes, whether they are worthy of being scored under the sentencing guidelines, and the points to be assessed based upon the number and severity of those offenses. MCL 777.50, on the other hand, addresses the question whether a defendant's prior criminal history should no longer be considered at all because of a period of time spent as a law-abiding citizen. It reflects a judgment by the Legislature that, if a person is able to go 10 years without a new conviction, he should be able to put his criminal past behind him, even if there is later on a relapse into a life of crime and the defendant obtains a new conviction. In making this judgment, it is not unreasonable for the Legislature to have insisted that the 10-year conviction-free period be exactly that: conviction free. That is, free of *any* convictions, even ones that would not themselves be scorable under the prior record variables. While the Legislature may not consider various minor misdemeanors relevant in assessing points under PRV 5, that does not compel the conclusion that it did not find those crimes relevant in determining whether a person had spent a sufficient period of time conviction free such that a portion of his criminal past may be ignored and left in the past.

In sum, while MCL 777.50 and MCL 777.55 are obviously related, they nonetheless address slightly different issues. Those issues reflect different policy choices made by the Legislature. And those policy choices do not require that the same convictions be considered in order to avoid a conflict between the two statutes, even when read in pari materia.

Defendant also makes an argument contrasting the legislative guidelines with the previous judicial guidelines. Specifically, defendant argues that in applying the judicial guidelines' 10-year gap rule, the judicial guidelines referred to "any conviction,"[15] rather than the legislative guidelines reference to a "prior conviction." While that argument might be persuasive if we were comparing current legislative language to previous legislative language and, therefore, the change in language might signal a change in intent, we see no reason to do so

---

[11] MCL 777.52.

[12] MCL 777.53.

[13] MCL 777.54.

[14] MCL 777.51(2).

[15] See *People v Reyna*, 184 Mich App 626, 631; 459 NW2d 75 (1990).

merely because the Legislature chose to express itself differently than did the Supreme Court in authoring the judicial guidelines. Indeed, the reasoning of this Court in *People v Reyna*[16] in addressing the corresponding provisions of the judicial guidelines echoes our rationale here:

> With these definitions in mind, we do not believe that a conviction for purposes of determining the applicability of the ten-year rule need be a conviction for an offense which may be scored under the guidelines. Rather, we hold that any criminal conviction is sufficient to establish that the defendant did not have a ten-year period free of convictions. In so concluding, we also consider the fact that the guidelines do consider different prior convictions differently depending on the prior record variable involved. For example, the guidelines differentiate a prior high-severity felony (PRV 1) from prior low-severity felonies (PRV 2) as well as treating separately prior high-severity similar felonies (PRV 3) and prior low-severity similar felonies (PRV 4). Thus, it is conceivable that the guidelines would restrict those misdemeanor convictions which may be scored as a prior misdemeanor conviction under PRV 6, while taking a more expansive view of what constitutes a conviction under the ten-year rule. We believe that the emphasis under the ten-year rule is not on what offense was committed, but whether the defendant was able to be completely conviction-free for a period of at least ten years. The simple fact of the matter is that defendant has not been conviction-free for a ten-year period because he committed OUIL within ten years of his discharge from probation on his prior conviction.

While the source of the text being interpreted is different, as well as the wording itself, we believe that the rationale holds equally true today in interpreting the legislative guidelines as it did over a quarter of century ago in looking at the judicial guidelines. Accordingly, we conclude that the trial court properly scored the guidelines.

Affirmed.

/s/ David H. Sawyer
/s/ Michael J. Kelly

---

[16] 184 Mich App at 632.