*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
May 23, 2019

Plaintiff-Appellee,

v

No. 341450
Macomb Circuit Court
LC No. 2013-002050-FH

JOHNNIE DEREK ROGERS,

Defendant-Appellant.

Before: SAWYER, P.J., and CAVANAGH and SERVITTO, JJ.

PER CURIAM.

Defendant was convicted, following a jury trial, of reckless driving causing death, MCL 257.626(4), and operating a motor vehicle while under the influence of alcohol causing death, MCL 257.625(4).[1] Defendant was originally sentenced on August 11, 2014, to 9 to 15 years' imprisonment for reckless driving causing death and 9 to 15 years' imprisonment for operating a motor vehicle while under the influence of alcohol causing death. After a remand from this Court,[2] defendant was resentenced on November 28, 2017, to 8 to 15 years' imprisonment for reckless driving causing death and 8 to 15 years' imprisonment for operating a motor vehicle while under the influence of alcohol causing death. We affirm.

Defendant argues that the trial court abused its discretion when it resentenced defendant because the court improperly considered defendant's refusal to admit guilt and failed to consider the fact that defendant's guidelines range only increased due to the discovery of a minor, nonscorable conviction. We disagree.

---

[1] This Court affirmed defendant's convictions. *People v Rogers*, unpublished per curiam opinion of the Court of Appeals, issued December 15, 2015 (Docket No. 323412).

[2] *People v Rogers*, unpublished per curiam opinion of the Court of Appeals, issued August 8, 2017 (Docket No. 332624).

This Court reviews whether a sentence is reasonable using the abuse of discretion standard of review. *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017). A sentencing court abuses its discretion when it violates the principle of proportionality by imposing a sentence that is not "proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Id*. at 474 (quotation marks and citation omitted). However, "[w]hen a trial court does not depart from the recommended minimum sentencing range, the minimum sentence must be affirmed unless there was an error in scoring or the trial court relied on inaccurate information." *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016), citing MCL 769.34(10). Additionally, even though the sentencing guidelines are advisory, " '[s]entencing courts must . . . continue to consult the applicable guidelines range and take it into account when imposing a sentence . . . [and] justify the sentence imposed in order to facilitate appellate review.' " *Steanhouse*, 500 Mich at 470, quoting *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). This Court reviews de novo issues involving the interpretation and application of the sentencing guidelines. *People v Rosa*, 322 Mich App 726, 742 n 9; 913 NW2d 392 (2018).

Defendant's guidelines range at the time of his resentencing was 50 to 100 months. The trial court resentenced defendant to a minimum term of 96 months' imprisonment, which is within the guidelines range. As previously stated, "[w]hen a trial court does not depart from the recommended minimum sentencing range, the minimum sentence must be affirmed unless there was an error in scoring or the trial court relied on inaccurate information." *Schrauben*, 314 Mich App at 196, citing MCL 769.34(10). Accordingly, this Court must affirm defendant's sentences unless there was a scoring error or the trial court relied on inaccurate information. Defendant does not assert that a scoring error occurred, but does argue that the trial court improperly based its sentence on defendant's refusal to admit guilt.

"A sentencing court cannot base a sentence even in part on a defendant's refusal to admit guilt." *People v Payne*, 285 Mich App 181, 193-194; 774 NW2d 714 (2009) (quotation marks and citation omitted). This Court considers the following three factors when determining if a sentencing court considered a defendant's refusal to admit guilt: "(1) the defendant's maintenance of innocence after conviction; (2) the judge's attempt to get the defendant to admit guilt; and (3) the appearance that had the defendant affirmatively admitted guilt, his sentence would not have been so severe." *Id*. (quotation marks and citation omitted). First, defendant actually stated that he "[took] responsibility for killing [the victim]" at his resentencing hearing. Accordingly, it does not appear that defendant was maintaining his innocence at the time of the resentencing hearing. Second, the judge did not attempt to convince defendant to admit guilt at any point during his resentencing hearing. Third, there was no appearance that if defendant had admitted guilt his sentence would have been less severe. The sentencing court actually *decreased* defendant's sentence from the original sentence imposed, in part, because the court gave "a little bit of credence to [the fact] that [defendant is] turning it around" by completing classes to improve himself while incarcerated. The court also noted that it saw some remorse at defendant's resentencing. Therefore, the sentencing court did not improperly consider defendant's refusal to admit guilt when resentencing defendant.

Defendant also argues that the sentencing court should have considered the fact that defendant's guidelines range was only increased in the time between his original sentencing and his resentencing because of a newly discovered, minor conviction (driving while license

suspended) that is not itself scorable under the prior record variables (PRVs). This nonscorable conviction affected defendant's sentencing guidelines range because of the "10-year gap" rule found in MCL 777.50, which provides, in relevant part:

(1) In scoring prior record variables 1 to 5, do not use any conviction or juvenile adjudication that precedes a period of 10 or more years between the discharge date from a conviction or juvenile adjudication and the defendant's commission of the next offense resulting in a conviction or juvenile adjudication.

(2) Apply subsection (1) by determining the time between the discharge date for the prior conviction or juvenile adjudication most recently preceding the commission date of the sentencing offense. If it is 10 or more years, do not use that prior conviction or juvenile adjudication and any earlier conviction or juvenile adjudication in scoring prior record variables. If it is less than 10 years, use that prior conviction or juvenile adjudication in scoring prior record variables and determine the time between the commission date of that prior conviction and the discharge date of the next earlier prior conviction or juvenile adjudication. If that period is 10 or more years, do not use that prior conviction or juvenile adjudication and any earlier conviction or juvenile adjudication in scoring prior record variables. If it is less than 10 years, use that prior conviction or juvenile adjudication in scoring prior record variables and repeat this determination for each remaining prior conviction or juvenile adjudication until a period of 10 or more years is found or no prior convictions or juvenile adjudications remain.

The discovery of defendant's driving while license suspended conviction meant that there was no longer a 10-year period of time during which defendant went without a conviction, meaning that several of defendant's older convictions could be included when calculating defendant's PRV score. This Court held in *People v Butler*, 315 Mich App 546, 547; 892 NW2d 6 (2016), that "a prior conviction that is not otherwise scorable under the [PRVs] of the sentencing guidelines may, nevertheless, be considered in applying the so-called '10-year gap' rule of MCL 777.50." Thus, it was proper to consider defendant's driving while license suspended conviction when calculating his PRV score, and the sentencing court was under no obligation to consider the severity of defendant's driving while license suspended conviction when sentencing defendant. Therefore, because there is no scoring error or reliance on defendant's refusal to admit guilt, this Court must affirm defendant's sentences.

Affirmed.

/s/ David H. Sawyer
/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto