*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ISAIAH BUCKNER,

Defendant-Appellant.

UNPUBLISHED
August 26, 2021

No. 351333
Wayne Circuit Court
LC No. 19-001168-01-FC

Before: GADOLA, P.J., and JANSEN and O'BRIEN, JJ.

PER CURIAM.

On January 15, 2019, defendant shot Derrick Cunningham at a house on Otis Street in Detroit. Cunningham identified defendant as the shooter. Defendant was convicted after a jury trial of assault with intent to do great bodily harm less than murder, MCL 750.84, carrying a dangerous weapon with unlawful intent, MCL 750.226, felon in possession of a firearm (felon-in-possession), MCL 750.224f, and three counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant as a second-offense habitual offender, MCL 769.10, to 6 to 15 years' imprisonment for the assault conviction, 3 to 7½ years' imprisonment each for the carrying a dangerous weapon conviction and for the felon-in-possession conviction, and two years' imprisonment for each of the felony-firearm convictions. Defendant appeals as of right the judgment of the trial court, challenging his convictions and sentence. We affirm defendant's convictions, but remand to the trial court for resentencing.

## I. VERDICT FORM

Defendant contends that the verdict form was constitutionally deficient because it did not allow for the option of a verdict of not guilty for the lesser-included offense of assault with intent to commit great bodily harm less than murder. We disagree.

We note initially that defendant waived this issue by his counsel approving the verdict form prior to its submission to the jury, thereby extinguishing any error. *People v Thorne*, 322 Mich App 340, 346; 912 NW2d 560 (2017). Regardless of waiver, however, we find that no error occurred.

If a verdict form does not provide the jury with the option to return a general verdict of not guilty, the defendant is deprived of the constitutional right to a jury trial. *People v Wade*, 283 Mich App 462, 467; 771 NW2d 447 (2009). In *Wade*, this Court found the verdict form to be deficient because it did not give the jury the opportunity to return a general verdict of not guilty. *Wade*, 283 Mich App at 468. The verdict form in that case provided, in pertinent part:

POSSIBLE VERDICTS

YOU MAY RETURN ONLY ONE VERDICT FOR EACH COUNT.

COUNT 1 - HOMICIDE – MURDER FIRST DEGREE

– PREMEDITATED (EDWARD BROWDER, JR)

___ NOT GUILTY

___ GUILTY

OR

___ GUILTY OF THE LESSER OFFENSE OF – HOMICIDE – MURDER SECOND DEGREE (EDWARD BROWDER, JR.)

OR

___ GUILTY OF THE LESSER OFFENSE OF – INVOLUNTARY MANSLAUGHTER – FIREARM INTENTIONALLY AIMED (EDWARD BROWDER, JR.)

The verdict form used in *Wade* placed the option of not guilty with the most severe offense, but separated from the lesser-included offenses without not guilty options for those offenses. This Court in *Wade* observed that if the verdict form had included a box by which the jury could have found the defendant not guilty of second-degree murder and not guilty of involuntary manslaughter, the verdict form would not have been defective. *Wade*, 283 Mich App at 468.

Defendant contends that as in *Wade*, the verdict form in this case did not give the jury the option of finding him not guilty of the lesser-included offense of assault with intent to do great bodily harm less than murder. The verdict form in this case provided, in relevant part:

VERDICT FORM

You may return only one verdict on each charge. Mark only one box under each charge.

Count 1: Assault with Intent to Murder

[ ] Not Guilty

[ ] Guilty of Count 1: Assault with Intent to Murder

[ ] Guilty of the Lesser Offense of Count 2: Assault with Intent to Do Great Bodily
Harm Less Than Murder

We disagree that the verdict form in this case presents the deficiency of the verdict form in *Wade*. Unlike the verdict form in *Wade*, the verdict form in this case provided the jury with the opportunity to find defendant generally not guilty, *or* guilty of assault with intent to murder, *or* guilty of assault with intent to do great bodily harm less than murder, thereby avoiding the deficiency of the verdict form in *Wade*.

Defendant also contends that his trial counsel was ineffective for failing to object to the verdict form as defective. Because we find that the verdict form was not defective, any objection raised on that basis would have been meritless. Defense trial counsel was not ineffective for failing to raise a meritless challenge to the jury verdict. See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

## II. SCORING OF PRIOR RECORD VARIABLES

Defendant contends that the trial court erred in scoring prior record variables (PRV) 2, 3, and 4, and that as a result of the improperly scored PRVs he was sentenced based upon inaccurately calculated guidelines. We agree.

A defendant has a right to be sentenced based upon accurately scored sentencing guidelines and on the basis of accurate information. See MCL 769.34(10); *People v Francisco*, 474 Mich 82, 88-89; 711 NW2d 44 (2006). A sentence is invalid if the sentencing court relied upon an inaccurately calculated guidelines range. *People v McGraw*, 484 Mich 120, 131; 771 NW2d 655 (2009). We review de novo whether the trial court accurately interpreted and applied the sentencing guidelines. *People v Sours*, 315 Mich 346, 348; 890 NW2d 401 (2016). We review for clear error the trial court's findings of fact under the sentencing guidelines, which must be supported by a preponderance of the evidence. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). Clear error occurs when this Court is left with a firm and definite conviction that a mistake has been made. *People v Abbott*, 330 Mich App 648, 654; 950 NW2d 478 (2019). In scoring the factors to determine the sentencing guidelines, the trial court may consider all record evidence, including the presentence investigation report, plea admissions, and testimony. See *People v Johnson*, 298 Mich App 128, 131; 826 NW2d 170 (2012). We review de novo whether "the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute. . . ." *Hardy*, 494 Mich at 438.

### A. PRV 2

Defendant contends that the trial court erred by assessing 10 points for PRV 2. PRV 2 addresses prior low-severity felony convictions. MCL 777.52(1). PRV 2 should be assessed 10 points if the "offender has 2 prior low severity felony convictions." MCL 777.52(1)(c). PRV 2 should be assessed 5 points when the "offender has 1 prior low severity felony conviction." MCL 777.52(1)(d). Under MCL 777.52(2), a "prior low severity felony conviction" means a conviction entered before the sentencing offense was committed that falls within the categories provided in MCL 777.52(2).

-3-

MCL 777.50(1) provides that, when scoring PRVs 1 through 5, the court cannot "use any conviction or juvenile adjudication that precedes a period of 10 or more years between the discharge date from a conviction or juvenile adjudication and the defendant's commission of the next offense resulting in a conviction or juvenile adjudication." "Thus, if a 10–year gap between convictions exists so as to trigger the provisions of MCL 777.50, prior convictions of all sorts will be ignored: prior high-severity felonies (PRV 1), prior low-severity felonies (PRV 2), prior high-severity juvenile adjudications (PRV 3), prior low-severity juvenile adjudications (PRV 4), as well as prior misdemeanors (PRV 5)." *People v Butler*, 315 Mich App 546, 551; 892 NW2d 6 (2016) (citations omitted). "When a defendant has gone 10 years between the discharge from a conviction and the commission of his or her next offense, all [prior] convictions, regardless of the crime, are to be ignored." *Id*. at 551-552.

In this case, according to the presentence investigation report (PSIR),[1] on November 2, 2001, defendant was convicted of the felony offense of attempted delivery of marijuana, MCL 333.7401; MCL 333.7105. On January 28, 2003, defendant was discharged from that conviction. On May 10, 2013, defendant was convicted pursuant to a plea of attempted carrying of a concealed weapon (CCW), MCL 750.227; MCL 750.92. The commission date for the attempted CCW offense was April 30, 2013.

Defendant was assessed 10 points for PRV 2. Because the gap between the discharge date for the attempted delivery of marijuana conviction, being January 28, 2003, and the commission date of the attempted CCW, being April 30, 2013, was at least 10 years, the attempted delivery of marijuana conviction should not have been considered when scoring PRV 2. Defendant therefore should have been assessed 5 points under PRV 2 for having one prior low-severity felony conviction, being the 2013 conviction for attempted CCW, rather than 10 points.

## B. PRV 3

Defendant also contends that the trial court erred by assessing 25 points for PRV 3. PRV 3 is scored for prior high-severity juvenile adjudications. MCL 777.53(1). The sentencing court should assess 25 points when an "offender has 2 prior high severity juvenile adjudications." MCL 777.53(1)(b). Although defendant has multiple prior juvenile adjudications, his last juvenile offense occurred in 1999, and his last discharge from a juvenile adjudication was November 5, 2001. As discussed, MCL 777.50(1) provides that, when scoring PRVs 1 through 5, the court cannot "use any conviction or juvenile adjudication that precedes a period of 10 or more years between the discharge date from a conviction or juvenile adjudication and the defendant's commission of the next offense resulting in a conviction or juvenile adjudication." Because all of defendant's juvenile adjudications occurred prior to the 10-year gap between the discharge date of defendant's adult conviction for attempted delivery of marijuana and the next offense for attempted CCW, the proper scoring of PRV 3 may not include defendant's juvenile adjudications. See *Butler*, 315 Mich App at 551-552. Accordingly, the trial court erred by assessing 25 points for PRV 3, which should have been assessed 0 points.

---

[1] Defendant does not challenge the accuracy of the PSIR.

-4-

## C. PRV 4

Defendant also contends that the trial court erred by assessing 20 points for PRV 4. PRV 4 is scored for prior low-severity juvenile adjudications. MCL 777.54(1). A court should assess 20 points for PRV 4 if the "offender has 6 or more prior low severity juvenile adjudications." MCL 777.54(1)(a). As discussed, all defendant's juvenile adjudications occurred prior to the 10-year gap between the discharge date of defendant's conviction for attempted delivery of marijuana and the next offense of attempted CCW. Because the proper scoring of PRV 4 may not include any juvenile adjudication that occurred before that gap, see *Butler*, 315 Mich App at 551-552, the trial court erred by assessing 20 points for PRV 4, which should have assessed 0 points.

The calculation of defendant's minimum sentencing guidelines range was affected by the errors in scoring. The trial court calculated defendant's total PRV score at 75 points, resulting in a minimum sentencing guidelines range of 34 to 83 months' imprisonment. If PRVs 2, 3, and 4 are properly scored, defendant's total PRV score is 25 points, decreasing the PRV level from PRV Level F to PRV Level D, and decreasing defendant's minimum sentencing guidelines range to 19 to 47 months' imprisonment. MCL 777.65; MCL 777.21. Because reducing defendant's PRV scores changes the minimum sentencing guidelines range, defendant is entitled to resentencing.[2] *People v Carter*, 503 Mich 221, 223; 931 NW2d 566 (2019).

## III. MCL 769.1k(1)(b)(*iii*)

Defendant contends that MCL 769.1k(1)(b)(*iii*), which permits a trial court to impose court costs upon a criminal defendant, is facially unconstitutional because it undermines a defendant's right to appear before a neutral judge, and also violates the principle of separation of powers. We note initially that because defendant did not raise this challenge before the trial court, this issue is unpreserved. *People v Wiley*, 324 Mich App 130, 150; 919 NW2d 802 (2018). We review unpreserved constitutional issues for plain error affecting a defendant's substantial rights. *People v Carines*, 460 Mich 750, 764; 597 NW2d 130 (1999).

At the time defendant was sentenced, MCL 769.1k(1) provided, in relevant part:

(1) If a defendant enters a plea of guilty or nolo contendere or if the court determines after a hearing or trial that the defendant is guilty, both of the following apply at the time of the sentencing or at the time entry of judgment of guilt is deferred by statute or sentencing is delayed by statute:

\* \* \*

(b) The court may impose any or all of the following:

---

[2] Because we conclude that defendant is entitled to resentencing on the basis of the incorrect scoring of PRVs 2, 3, and 4, we decline to reach defendant's further assertion that defense trial counsel was ineffective by failing to object to the scoring of PRV 3 and PRV 4, and for failing to object to the scoring of PRV 2 on the basis asserted on appeal.

(*iii*) Until October 17, 2020, any cost reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case, including, but not limited to, the following:

(A) Salaries and benefits for relevant court personnel.

(B) Goods and services necessary for the operation of the court.

(C) Necessary expenses for the operation and maintenance of court buildings and facilities.[3]

Thus, "MCL 769.1k(1)(b)(*iii*) permits a trial court to impose on a convicted defendant court costs that are reasonably related to the actual costs incurred in processing a criminal case." *People v Johnson*, ___ Mich App ___, ___; ___ NW2d ___ (2021) (Docket No. 351308); slip op at 1.

In *Johnson*, this Court addressed the same challenges to MCL 769.1k(1)(b)(*iii*) now raised by defendant and determined that the statute is not facially unconstitutional. As in this case, the defendant in *Johnson* argued that MCL 769.1k(1)(b)(*iii*) provides trial judges with financial incentive to convict criminal defendants and order them to pay costs, the proceeds of which can be used to fund the courts in which the judge presides. *Johnson*, ___ Mich App at ___; slip op at 2. This Court reasoned that although the statutory imposition of costs enabled the courts to generate income, the statute did not permit the trial judges to administer the collected costs. This Court stated:

Undeniably, "MCL 769.1k(1)(b)(*iii*) is a revenue-generating statute." *People v Cameron*, 319 Mich App 215, 224; 900 NW2d 658, 665 (2017). However, defendant has failed to show that MCL 769.1k(1)(b)(*iii*) also authorizes courts to administer the revenue so collected. As this Court explained in *Alexander*,[4] "MCL 769.1k(1)(b)(*iii*)(A)-(C) provide guidance for establishing the requisite factual basis, but these provisions do not indicate where the money flows after the costs have been imposed on and paid by a convicted defendant." *Alexander*, unpub op at 14. Defendant has not established "the type of direct nexus between a judge's compensation and any fees or costs imposed that was present in *Tumey*."[5] *Id*. Indeed, Michigan's Constitution provides that " '[n]o judge or justice of any court of this state shall be paid from the fees of his office nor shall the amount of his salary be measured by fees, other moneys received or the amount of judicial activity

---

[3] The current version of MCL 769.1k(1) is nearly identical to the version applicable at the time defendant was sentenced. MCL 769.1k(1)(b)(*iii*) has been amended to state: "Until October 1, 2022."

[4] *People v Alexander*, unpublished per curiam opinion of the Court of Appeals, issued May 14, 2020 (Docket No. 348593).

[5] *Tumey v Ohio*, 273 US 510; 47 S Ct 437; 71 L Ed 749 (1927).

of his office.' " *Id*., quoting Const 1963, art 6, § 17. Nor has defendant provided any evidence that "the costs imposed under MCL 769.1k(1)(b)(*iii*) are funneled into a special or specific fund to be administered by judges[.] [*Johnson*, ___ Mich App at ___; slip op at 6.]

Defendant in this case also argues that MCL 769.1k(1)(b)(*iii*) violates the principles of separation of powers by creating a funding system for the courts that interferes with a judge's obligation to remain impartial in criminal proceedings. This Court in *Johnson*, however, rejected that argument, stating:

> "[I]n determining whether [an] Act disrupts the proper balance between the coordinate branches, the proper inquiry focuses on the extent to which it prevents [one] [b]ranch from accomplishing its constitutionally assigned functions." *Nixon v Adm'r of Gen Servs*, 433 US 425, 443; 97 S Ct 2777; 53 L Ed 2d 867 (1977). The gravamen of defendant's argument is that MCL 769.1k(1)(b)(*iii*) prevents the judicial branch "from accomplishing its constitutionally assigned functions," *id*., by rendering it impossible for any trial judge in the State to operate in accordance with his or her oath of office and the constitutional mandates of due process. However, as already explained, and as a panel of this Court explained in *Alexander*, "defendant has not shown that this statute creates a situation where there exists no set of circumstances under which a judge in this state is impartial[,]" nor has he shown "that all trial judges must be disqualified" because the statute "creates financial interest in the judiciary to cause them to ignore their constitutional mandates." *Alexander*, unpub op at 15. Further, although MCL 769.1k(1)(b)(*iii*) generates revenue, *Cameron*, 319 Mich App at 224; 900 NW2d 658, nothing in the plain language of the statute "directs the flow of money or creates a funding system for the trial courts . . . ." *Alexander*, unpub op at 15. [*Johnson*, ___ Mich App at ___; slip op at 7.]

As in *Johnson*, defendant in this case has failed to show that the statute impacts judicial impartiality or violates the separation of powers. Defendant therefore has failed to establish that MCL 769.1k(1)(b)(*iii*) is facially unconstitutional.

Defendant's convictions are affirmed. We remand for resentencing consistent with this opinion. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Kathleen Jansen
/s/ Colleen A. O'Brien

-7-